### MORRISON vs. ALPHIN.

After the bond prescribed by the attachment law is given, there is no levy to be quashed.

When the clerk takes the bond to release property attached, the presumption is that the writ was returned.

*Error to Union Circuit Court.*

Hon. LEN B. GREEN, Circuit Judge.

CARLETON, for the plaintiff in error.

On the sufficiency of the motion, we refer the court to 1 *Kent* 411; *United States vs. Hart*, 1 *Pet. C. R.* 390; *United States vs. Barney*, 3 *Hall's Law Jour.* 128.

The record does not show that the writ was returned, therefore the clerk could not take the bond and release the levy. But if the defendant had given bond, he did not waive his right to have an illegal levy quashed.

Mr. Justice Fairchild delivered the opinion of the Court.

Alphin brought assumpsit against Morrison, sued out a writ of attachment, had it served upon four horses belonging to the defendant. Seven days after the service of the writ, the defendant executed his bond for the release of the attachment. At the return term of the court, the defendant plead the general issue, and then moved that the levy of attachment be quashed, because the horses attached were in the United States mail service. The plaintiff filed a motion to strike the defendant's motion from the files; the court overruled it; the plaintiff then demurred to the defendant's motion; this the court sustained.

On trial judgment was given for the plaintiff, and the defendant sued out a writ of error against it, and assigns as error of the court below, that it did not quash the levy; that it sustained a demurrer to his motion to quash. After the bond was given, releasing the attached property, the levy was out of consideration. The suit was not an attachment suit, it was to proceed as other suits at law. *Gould's Dig., ch.* 17, *sec.* 19. *Section* 13 of the same chapter permits the bond to release the attachment to be entered into before the clerk, when the sheriff has returned the writ. The bond in this case was taken by the clerk: we presume that the writ had been returned to his office, though the return day of the writ had not come. The bond answered the purpose of the defendant in giving him the use of his mail horses, and he ough not to questtion it.

Judgment affirmed.