UNITED STATES *v.* WOLTERS *et al.*

*(Circuit Court, S. D. California. June 8, 1891.)*

INTERNAL REVENUE—DISTILLED SPIRITS—LIABILITY OF STOCKHOLDERS OF DISTILLERY CORPORATIONS.

The stockholders of a corporation engaged in operating a distillery are "persons interested in the use of the distillery," within the meaning of Rev. St. U. S. § 3251, which declares that every proprietor and possessor, "and every person in any manner interested in the use, of" a distillery, shall be jointly and severally liable for the taxes imposed by law on the distilled spirits produced therefrom.

At Law. On demurrer to complaint.
*W. Cole*, U. S. Atty., for United States.
*Anderson, Fitzgerald & Anderson*, for defendants.

Ross, J. This is a suit to recover of the holders of the stock of a corporation organized under the laws of California to engage in, and which did engage in, the business of distilling, a tax amounting to $20,124.40 on spirits distilled by it, and of which tax, it is alleged, the distiller defrauded the government. The action is based on that clause of section 3251 of the Revised Statutes which declares that "every proprietor and possessor of, and every person in any manner interested in the use of, any still, distillery, or distilling apparatus, shall be jointly and severally liable for the taxes imposed by law on the distilled spirits produced therefrom." Demurrers to the complaint have been filed by some of the defendants, and in their support it is urged that the language of the statute in question is not broad enough to include the stockholders of a corporation engaged in the business of distilling; that stock-

holders are neither proprietors nor possessors of the corporate property; and that the words "interested in the use of." were inserted "to designate a class who might be using, or interested in using," such distillery, although not interested in the property itself.

The language of the act does not admit of such limitation. Revenue laws are not, like penal laws, to be strictly construed, nor are they, like remedial statutes, to be construed with extraordinary liberality; but they should be so construed "as most effectually to accomplish the intention of the legislature in passing them.", *Taylor* v. *U. S.*, 3 How. 197. The provisions of the law are rigid, and in some instances perhaps arbitrary, in their operation. But they were designed to prevent frauds upon the government, and whoever engages in business by virtue of their provisions must be governed by them. The holder of stock in a corporation organized for and engaged in the business of distilling spirits, if not the proprietor or possessor of the distillery within the meaning of the statute, is certainly "interested in the use of" the distillery operated by the corporation of which he is a stockholder. He has a direct, pecuniary interest in the business of distilling,—the purpose for which the distillery is used,—as well as in the property itself. The amount of such interest, whether large or small, is of no consequence. The statute declares that every person so interested shall be jointly and severally liable for the taxes imposed by law on the distilled spirits produced therefrom. It is obvious that the state statute regulating the liability of stockholders of corporations organized under its laws has no application here. The liability of the defendants is to be measured by the provisions of the statute under which, and by virtue of which only, the distilling was done.

Demurrers overruled, with leave to defendants to answer within the usual time.