[No. 1353. January 26, 1911.]

GUSTAVE LEUSCH, Appellee, v. FRED G. NICKEL, MILTON H. EDWARDS and LINA EDWARDS, HARRY CARTER, D. RANKIN and J. E. HAINES, Appellants.

SYLLABUS.

1. Bond given under Laws of 1907, chapter 107, subsection 225, to perform the judgment of the court, dissolves the attachment, releases the property from the attachment, and therefore motion to dissolve attachment does not lie after such discharge.

2. The filing of the supplemental complaint had the effect of disposing of the demurrer filed to the original complaint in-as-much as the same was not renewed as to the supplemental complaint.

3. Bond executed for the payment of any judgment which might be rendered constitutes an appearance.

4. The fact that one of the defendants had not been served in the attachment suit would be entirely immaterial as to the indebtedness due upon a note in-as-much as the contract evidenced by the note is joint and several under the statute and could be maintained against the defendants served.

5. The record disclosing the fact that the defendants

served had failed to answer or plead within the time limited by law, judgment was properly rendered upon the note sued upon.

6. Laws 1907, chapter 107, sub-section 226, authorizes the court to render judgment against the sureties upon the bond given to dissolve the attachment.

Appeal from the District Court for Bernalillo County, before IRA A. ABBOTT, Associate Justice. Affirmed.

ISAAC BARTH for Appellants.

If sufficient affidavit is not filed, the attachment writ and all proceedings under it are void. Gowan v. Hawson, 55 Wis. 341, 13 N. W. 238; Riegelman v. Streisguth, 75 Wis. 212, 43 N. W. 1116; Mentzer v. Ellison, 43 Pac. 464, Colo.; Summers v. Allen, 28 S. E. 787; Reed v. McCloud, 18 S. E. 924; 18 S. E. 753; 15 S. E. 977; Laws 1907, p. 270; Meyers v. Black, 4 N. M. 352; Torlina v. Trorlicht, 6 N. M. 54; Evans v. Tucker, 59 Tex. 249; 4 Cyc. 497, 508; Staab v. Hersch, 3 N. M. 153, 3 Pac. 248; Seidentoph v. Annabil, 6 Neb. 524; Harrison v. King, 9 Ohio St. 388; August v. Sesskind, 6 Coldw., Tenn. 166.

Complaint insufficient and did not state cause of action. C. L. 1897, section 2685, sub-sec. 32; Gallegos v. Sandoval, 15 N. M. 216; Barney v. Vigoreaux, 28 Pac. 678; Parker v. Armstrong, 55 Mich. 176, 28 N. W. 892; Brown v. Broch, 55 How. Pr., N. Y. 32; Meade v. Mali, 15 How. Pr., N. Y. 347; Pforzheimer v. Selkirk, 71 Mich. 600, 40 N. W. 12; Douglas v. McDermott, 47 N. Y. Sup. 336; Scheldon v. Davidson, 85 Wis. 138, 55 N. W. 161; Eagle River v. Brown, 85 Wis. 76, 55 N. W. 163; Bisch v. Van Cannon, 94 Ind. 263; McGlynn v. Scamoore, 14 N. Y. St. 707; London Fire Ins. Co. v. Libes, 38 Pac. 691; Smith v. Roseboom, 41 N. E. 552; Wilson v. Ryder, 10 N. Y. Sup. 233; 1 Chitty Pl. 332; Fisher v. Brown, 4 Am. Dec. 726.

Bond insufficient. Laws 1907, sec. 265, sub-sec. 186.

Court acquired no jurisdiction. Staab v. Hersch, 3 N. M. 153; Dame v. Cochiti Red. Co., 13 N. M. 10, 79 Pac. 296; Laws 1907, sub-sec. 307, p. 296; St. Louis R.

R. Co. v. Johnson, 133 U. S. 566, 33 L. ed. 683; Fogg v. Blair, 139 U. S. 118, 35 L. ed. 104; Alabama v. Burr, 115 U. S. 413, 29 L. ed. 435.

If the attachment itself is illegal and therefore void so also must be the bond which takes it place. Bank of Boston v. Mixter, et al, 31 L. ed. 571; Carpenter v. Turell, 100 Mass. 450; Tapley v. Goodsell, 122 Mass. 176; English v. Redd, 25 S. E. 325; Murphy v. Montandon, 2 Ida. 1048, 35 Am. St. Rep. 279; Quine v. Mayes, 2 Rob., La. 510; Clark v. Bryan, 16 Md. 171; Cadwell v. Colgate, 7 Barb., N. Y. 253; Holman v. Binkerhoff, 1 Den., N. Y. 104; Shevlin v. Whelen, 41 Wis. 88; Rice et al v. Schofield et al, 51 Pac. 673.

COLLIINS & STROUP for Appellee.

The court will look to the whole record to supply technical omissions. Miller v. Eastman, 27 Neb. 804, 43 N. W. 179; McClanahan v. Brack, 46 Miss. 246; State v. Foster, 10 Ia. 435; Shinn on Attachment, pp. 205, 207, 217, 230, 232, 236, 237, 251; Livengood v. Shaw, 10 Mo. 273; Simon v. Johnson, Pa. Com. Pl., 7 Kulp 166; 5 Shinn on Attachment, p. 202; Spitz v. Moore, 86 Wis. 387, 57 N. W. 41; Crew v. McClurg, 4 Green, Ia. 153; Crawford v. Roberts, 8 Ore. 324; Rosenheim v. Fifield, 12 Ill. Ap. 302; Lawver v. Langhans, 85 Ill. 138; McCollem v. White, 23 Ind. 43; Mayor v. Pingee, 18 Neb. 458; Ruhl v. Rogers, 29 W. Va. 779, 2 S. E. Rep. 798; Dunlap v. McFarland, 25 Kas. 488; Keith v. Setter, 25 Kas. 100; Mentzer et al v. Ellison et al, 43 Pac. Rep. 465.

Bond was substantial compliance with statute. C. L. 2685, sub-sec. 94; 1 Shinn on Attachments, secs. 178, 299, 302, 304; Lawver v. Langhans, 85 Ill. 138; Butney v. Jones, 1 Ia. 366; Bryant v. Hendee, 40 Mich. 543; Baltimore & Ohio R. R. Co. v. Taylor, 81 Ind. 24; Laws 1907, ch. 107; sub-secs. 198, 225; U. S. v. Ames, 99 U. S. 35; Carpenter v. Turrell, 100 Mass. 450; Inbusch v. Farwell, 1 Black U. S. 566; Fox v. McKenzie, 49 N. W. Rep. 386; Morrison v. Alphin, 23 Ark. 136; Inman v. Strattan, 4 Bush, Ky. 445; Ferguson v. Glidewell, 48 Ark. 195, 2 S. W. Rep. 711; Rachelman v. Skinner, 46 Minn., 48

N. W. Rep. 776; Bunningman v. Wagner, 8 Am. Rep. 307; Miller v. White, 76 Am. Rep. 794.

Court had jurisdiction of property seized. 12 Enc. P. & P. 145, 173.

Judgment against sureties on bond. Laws 1907, ch 107, sub-sec. 226.

## STATEMENT OF THE CASE.

This is an attachment suit commenced by the filing of a complaint by the plaintiff in the district court of Bernalillo County on the 25th day of June, 1909. On the same day an affidavit and bond in attachment were filed and a writ of attachment issued. The defendants, Milton Edwards and Lena Edwards, were personally served, but the return of the Sheriff shows that the defendant Nickel was not found. The complaint shows that the suit was brought upon a promissory note for the sum of one thousand dollars, bearing six per cent interest, in favor of the plaintiff, signed by all of the defendants. This note is dated January 1st, 1909, and was to become due twelve months after date. The complaint and affidavit in attachment allege that this note was given for money loaned the defendants, but that the defendants obtained the money from the plaintiff by fraud, deception and false pretenses. As the complaint discloses, this suit was brought before the note sued on became due, but no judgment was rendered thereon until a considerable time after the note became due. On the 26th day of June, 1909, the bakery and other goods and property of the defendants were seized, under writ of attachment by the sheriff, but the defendants served entered into a bond with securities thereon to the sheriff and the sheriff released the property and restored it to the defendants, giving bond on the 9th day of July, 1909. On the 26th day of June, defendants, by their counsel, filed a motion to quash the attachment, and on the 15th day of July, demurred to the plaintiff's complaint. On the 11th day of Februray, 1910, counsel for the defendants filed a motion to dissolve the attachment, both of which motions were, on the 15th day of Februray, 1910, overruled by the court. On the 17th

day of Februray, 1910, counsel for the defendants filed a motion to dismiss the cause for want of jurisdiction of the person and the subject matter, which motion was over-ruled on the 14th day of March, by an order entered nunc pro tunc on the 19th day of March. On the 14th day of April, 1910, and after the note became due, the plaintiff filed his supplemental complaint, from which it appeared that the indebtedness sued for had become due and pay-able, and on the 11th day of May, Mr. Isaac Barth, Es-quire, attorney for the defendants, admitted in writing the service of copy of the supplemental complaint, and that the same was served upon him on the 14th day of April, 1910. No answer or other pleading having been filed, as shown by certificate of the clerk of the court, de-fault was adjudicated on the 11th day of May, 1910, and on the 27th day of May, 1910, judgment for the plain-tiff for one thousand dollars and interest to the amount of twenty-seven dollars and costs, and also judgment sus-taining the attachment, was rendered by the court against the defendants and the sureties on the attachment bond. By a supplemental transcript it is made to appear that on July 6th, 1909, a traverse of attachment was filed, and on the 26th day of February, 1910, an amended traverse of the attachment was filed by the defendants. On the 10th day of June, 1910, appeal was prayed for and granted and the cause is now in this court upon that appeal.

## OPINION OF THE COURT.

McFIE, J.—There are six assignments of error con-tended for by the appellants, but under the views of the law and facts taken by this court it will not be necessary for the court to consider all of these assignments. While it may be true that some of the motions made by counsel for the defendants during the early stages of the case might have been considered well founded, if the same had been pressed and relied upon and preserved so as to be available on appeal, we are of the opinion that both as to the attachment issue and the judgment upon the indebted-ness, the proceedings and rulings of the court upon the motions to quash and dissolve the attachment for defects

in the affidavit, the original attachment bond, and the demurrer to the complaint are not now before the court for consideration. Proceeding, then, to the consideration of the attachment feature in this case, the record discloses that the defendants gave a bond to the sheriff in which they and the sureties on the bond agreed to perform the judgment of the court in case judgment should be rendered against them, and the property was released from the attachment and the attachment was thereby dissolved, as provided for in sub-sec. 225 of chapter 107, Laws of 1907, which section provides as follows: "Sub-Section 225. If the defendant or other person on his behalf at any time before judgment give a bond to be executed to the plaintiff, by one or more sureties, possessing the same qualifications required by sureties on bonds for the issuance of attachments, to the effect that the defendant shall perform the judgment of the court, the attachment in such action shall be discharged and restitution made of any property taken under it or proceeds thereof. Such bond shall also discharge any garnishee from liability in said cause." Chapter 107, above referred to, provides for two bonds. Sub-Section 198, provides for a bond to be given by the defendant, which, when given, authorizes the defendant to retain the possession of the property attached. The bond further provides that the property shall be forthcoming when the court shall direct, but the bond given was not a forthcoming bond under this section, but the bond provided for in sub-section 225 which provides for the payment of the debt, and has the effect of dissolving the attachment. The bond thus given stands in lieu of the rem and the action proceeds in personam.

In Shinn on Attachment, Section 304, pages 590, 591 and 592, it is said: "When, for the purpose of releasing attached property (or to prevent property from being attached), a bond is given to pay the judgment which the attachment plaintiff may thereafter procure against the attachment defendant, the principal effect of such bond is to dissolve the attachment (if levied) and discharge the property from the attachment lien, and the case will then

proceed as if originally begun by summons. The bond stands in lieu of the rem. The property is gone from the court's control. The bond is special bail and is a substitute for the property as regards all claims that may be made against it by the promoter of the suit. The attachment has expended its force and is no longer operative. The bond dissolves the attachment entirely. It is not given for the property itself, but for the payment absolutely of the judgment when recovered in the suit, whatever may be the amount, if within the penalty named in the bond. It is a security for any judgment which would have been satisfied out of the attached property. And this, although there may be, by leave of court a discontinuance as to all the defendants named in the bond except the administrator of one deceased. In fact, it has been said that a bond given to the plaintiff, to pay the judgment that may be recovered by him operates not only to release the levy, but to destroy the writ itself, and that thereafter a motion to dissolve the attachment as being irregular or improvidently issued will not be entertained. There is no levy to be quashed after the bond is given and the property is released." U. S. v. Ames, 99 U. S. 35; Carpenter v. Turrell, 100 Mass. 450; Inbusch v. Farwell, 1 Black, U. S. 566; Fox v. McKenzie, 47 N. W. Rep. 386; Morrison v. Alphin, 23 Ark. 136; Fergusson v. Glidewell, 48 Ark. 195, 2 S. W. Rep. 711; Rachelman v. Skinner, 46 Minn. 196, 48 N. W. Rep. 776.

By reference to the bond which was given in this case the following provisions clearly show that it was given for the purpose of securing the discharge of the attachment, and as an obligation to pay any judgment that might be rendered in the case: "Now, therefore, we, the undersigned residents of the county of Bernalillo, Territory of New Mexico, in consideration of the premises and in order that the attachment in such action shall be discharged and restitution made of any property taken under it or the proceeds thereof, do hereby jointly and severally undertake and promise to the effect that if the said plaintiff should recover judgment in said action we will pay to the said plaintiff upon demand the amount of said judg-

ment and promise that the defendants will in every man-
ner perform the judgment of the court in said action.
(Signed) Milton H. Edwards, Lena Edwards, Harry Car-
ter, D. J. Rankin, J. E. Haines." There being a general
appearance for the defendants in this case, and this bond
having been entered into which the statute specifically
says shall discharge and dissolve the attachment and the
lien thereof, we are of the opinion that the assignments of
error relied upon as to the attachment proceedings cannot
be considered on this appeal.

The second and fifth assignments of error relate to
the judgment rendered upon the indebtedness sued for.
The second assignment is that the court erred in overrul-
ing the demurrer of the defendants to the complaint of
the plaintiff. The record shows that a demurrer was filed
to the original complaint, but the record does not show
that the same was formally overruled by the court and ex-
ception taken to such ruling. The record further shows,
however, that a supplemental complaint was filed by the
plaintiff on the 14th of April, 1910, of which defendant's
counsel admits service, and this supplemental complaint
covered the entire cause of action, but discloses the addi-
tional fact that the indebtedness described in the original
complaint had since the filing thereof become due and pay-
able: C. L. 1897, Sec. 2685, Sub-section 89 of the Code of
Civil Procedure, is as follows: "Sub-Section 89: In every
complaint, answer or reply, amendatory or supplemental,
the party shall set forth in one entire pleading all matters
which, by the rules of pleading, may be set forth in said
pleading, and which may be necessary to the proper de-
termination of the action or defense." The filing of this
supplemental complaint had the effect of disposing of
the demurrer filed to the original complaint in-as-
much as the same was not renewed as to the sup-
plemental complaint so far as the record shows. Therefore
this assignment would appear to be unavailing.

The fifth assignment of error is that the court erred
in entering judgment for the reason that the court had no
jurisdiction of either the party or the subject matter. This
assignment does not appear to be well taken, first for the

reason that by a general appearance the parties were certainly before the court, and this also appears from the bond executed for the payment of any judgment which might be rendered. The subject matter of the action was indebtedness evidenced by a promissory note, as to which there was no denial of the amount due and payable, nor is there any denial of the service of the defendants, Milton and Lena Edwards, the principals in the bond which was given for the payment of the indebtedness, and there was service of the supplemental complaint, as appears from the admission in writing of the attorney for the defendants. The fact that the defendant Nickel had not been served in the attachment suit, would be entirely immaterial as to the indebtedness due upon this note, in-as-much as the contract evidenced by the note is joint and several under the statute, and could be maintained against the defendants served. In our opinion the conduct of the defendants themselves clearly conferred jurisdiction both as to the person and the subject matter of the action.

The record disclosing the fact that the defendants served had failed to answer or plead within the time limited by law, judgment was properly rendered upon the note sued upon.

The sixth assignment of error goes to the rendering of judgment against the sureties on the bond, undertaking to pay the judgment, but there appears to be very clear authority for the rendition of judgment against the sureties under the statute of this Territory. Sub-Section 226, Chapter 107, Laws of 1907, provides as follows: "If upon the trial of said cause judgment shall be rendered against the defendant on the demand sued for, said judgment shall also be rendered against the sureties on said bond given for the discharge of said attachment; and the giving of said bond shall have the effect of conferring jurisdiction upon the court to render said judgment against the said sureties for the amount of the damage recovered against the defendant, without further process or notice." This

section refers specifically to a judgment in a case such
as that now under consideration, and there can be no
**6** doubt of the right of the court under this section to
render the judgment against the sureties upon the
bond given to dissolve the attachment.

The judgment of the court is affirmed, with costs.
And it is so ordered.