**STEPHENSON et al. v. OWEN.   (No. 8932.)**

Court of Civil Appeals of Texas.   Galveston.
Oct. 18, 1927.

Appeal and error ⬤═══1178(8)—Case must be remanded as to personal judgment against wife for amendment of pleadings not alleged to have incurred indebtedness for benefit of her separate estate.

In absence of statement of facts or attack on court's finding that wife incurred indebtedness represented by note sued on for benefit of her separate estate, which plaintiff did not allege, case must be viewed in appellate court simply as one in which facts proved were imperfectly pleaded and remanded as respects personal judgment against wife to permit amendment of pleadings.

Appeal from District Court, Grimes County; Carl T. Harper, Judge.

Action by Tom M. Owen against Mrs. Bee Bee Stephenson and husband. Judgment for plaintiff, and defendants appeal. Reversed and remanded as to personal judgment against named defendant.

A. H. Spann and S. W. Dean, both of Navasota, for appellants.

H. L. Lewis, of Navasota, for appellee.

GRAVES, J. Designating the litigants as appellants and appellee rather than as they are termed in the record, judgment by default in favor of the latter was rendered against the former, husband and wife, upon their joint note, with order of sale of ten shares of the wife's separately owned bank stock pledged as collateral thereto, with provision that, should the bank stock not yield enough to satisfy the recovery, the balance should be made as under execution against the property of either or both.

By this appeal the wife protests against

so much of the decree as awards a personal judgment against her, on the ground that the pleading of the appellee did not allege that any part of the consideration for the note was for the benefit of her separate estate, for necessaries furnished herself or her children, for use in any separate business operated by her under an enabling order of a district court, or any other fact that would render her so personally liable, citing in support Bank v. Ferguson, 109 Tex. 287, 206 S. W. 923, Poe v. Hall (Tex. Civ. App.) 241 S. W. 708, and therein referred to authorities.

The appellee, notwithstanding a recitation in the judgment that the evidence showed the note sued upon to have been executed and delivered by Mrs. Stephenson for an indebtedness incurred by her for the benefit of her separate estate, confesses error in the respect contended for and concedes that his pleading was insufficient to sustain the portion of the judgment holding her personally liable, urging that in consequence a remand as affects the wife rather than a rendition be here ordered.

There being neither a statement of facts brought up nor any attack made upon the court's finding that the indebtedness represented by the note sued upon was incurred by the wife for the benefit of her separate estate, the case is to be viewed in this court simply as one in which the facts proven were imperfectly pleaded. In such instances the proper practice seems to be to remand the cause, to the end that opportunity for amendment of the pleadings may be had. Railway v. Hughes (Tex. Civ. App.) 94 S. W. 130.

In so far as it decrees a personal recovery against Mrs. Stephenson, the judgment will therefore be reversed and the cause in that respect remanded for another trial, but the recovery against the husband and the foreclosure on the bank stock against both, not being attacked upon the appeal, will remain undisturbed.

Reversed and remanded as to personal judgment against appellant Mrs. Stephenson.