## PERKINS v. COMPTON.

### No. 2861.

Court of Civil Appeals of Texas. El Paso.

June 8, 1933.

Wallace & Vickrey, of Dallas, for plaintiff in error.

Baskett & DeLee, of Dallas, for defendant in error.

PELPHREY, Chief Justice.

This suit was instituted by appellee against Mrs. Jennie Perkins and her husband, George Perkins.

The parts of the petition material to this appeal are:

"Plaintiff represents to the court that heretofore to-wit about the 6th day of April, A. D. 1932, prior thereto, and continuously since said time, Defendants were engaged in the business of operating a hotel known as the Rex Hotel, and operating the Rex Coffee Shop, each in Dallas County, Texas, furnishing food and lodging for transient persons for pay; and being in the operation of said business desired to operate in connection therewith a travelers bureau and pursuant to such contracts with this Plaintiff to establish what was and is known as the Rex Travel Bureau."

"2. Plaintiff alleges that in consideration of certain services rendered by plaintiff in advertising said Hotel and Coffee Shop and in advertising said Mutual Travelers Bureau the Defendants contracted with the Plaintiff, and obligated themselves to furnish Plaintiff space in the Rex Hotel in which to operate said Mutual Travelers Bureau for a period of one year from and after April 8th, 1932.

"Plaintiff says that relying upon the representation of the Defendants he spent approximately $140.00 for printed matter which was placed in many hotels and lodging places in Dallas, Texas, which advertised the Rex Hotel, Rex Coffee Shop as well as the Mutual Travelers Bureau and in all things establish and put in operation the said Travelers Bureau. That as a result of his efforts the Defendants have benefited thereby and received and accepted his services and consented to and ratified his expenditure of said monies when and as aforesaid."

"3. Plaintiff alleges further that notwithstanding the foregoing facts the defendants disregarded their contract and obligation to furnish space for the plaintiff to operate said Mutual Travelers Bureau for a period of one year conducted themselves in such a manner as to render it impossible for the plaintiff to operate said Mutual Travelers Bureau at said Rex Hotel, and did positively forbid, and prevent, the Plaintiff from occupying said space originally provided for Plaintiff for said purpose all to Plaintiff's damage in the sum of $4500.00, which amount he is entitled to recover of and from the defendants jointly and severally. And plaintiff alleges that the defendants are now operating a travelers bureau known as Rex Traveler's Bureau, maintaining the same in the Rex Hotel where the Plaintiff was to operate his travelers bureau; that the said Rex Traveler's Bureau receives business from the advertising bought and paid for by the plaintiff in that parties desiring travel accommodations read the advertising of the said Mutual Travelers Bureau and go to the Rex Hotel in search of the same and find the said Mutual Traveler's Bureau there; that as a result thereof the said plaintiff has suffered great damage and the acts of the defendants aforesaid prevent the Plaintiff receiving much business he would receive but for the acts of the defendants in operating and permitting to operate said Mutual Traveler's Bureau as aforesaid."

"4. Plaintiff alleges that during the eight weeks he operated said Travelers Bureau he established a business that was paying him an average of $7.00 per day profit; that as a result of the acts of the defendants as aforesaid he has lost all of said income, and he says that unless the defendants are enjoined by this Honorable Court from maintaining and operating and permitting others to operate and maintain said Mutual Travelers Bureau or any other Bureau for travelers said purposes the plaintiff will suffer great and irreparable loss and injury, and the plaintiff says that he has no other adequate remedy at law."

"Wherefore, premises considered, plaintiff prays that the defendants be cited to answer herein; that on trial hereof he have judgment against the defendants jointly and severally for his debt and damages in the sum of $4500.00."

On July 6, 1932, judgment by default was rendered against Jennie Perkins and George Perkins in the sum of $400.

A motion to set aside such judgment was filed on August 4, 1932, and was overruled on October 19, 1932.

Mrs. Jennie Perkins filed a petition for writ of error on October 29, 1932, in which she alleged that her husband, George Perkins, had permanently abandoned her, that he had departed from Dallas county, and that his residence was unknown to her. She also, on the same day, filed a supersedeas bond.

██ Her first assignment of error in support of her writ of error reads: "The court committed fundamental error in rendering judgment for the plaintiff against the defendant, Mrs. Jennie Perkins, by default, it

appearing from plaintiff's petition that the defendant was a married woman, and it not appearing therein that the claimed indebtedness was for necessaries furnished to her, or her children, or for the benefit of her separate estate."

This assignment must be sustained.

The petition showing that Mrs. Jennie Perkins was one of the makers of the contract, that she was a married woman at the time she executed it, and not showing further that it was executed in pursuance of any authority conferred upon her by the statutes, and for any purpose contemplated thereby, is insufficient to support a judgment by default against her. Graham et ux. v. Carmany (Tex. Civ. App.) 2 S.W.(2d) 467, and authorities there cited.

The argument advanced by appellee that the action here sounds exclusively in tort and, therefore, the doctrine announced by the above authorities does not apply, is untenable.

An examination of the petition, as quoted above, we think, clearly shows that the action was one for breach of contract.

The judgment as to Mrs. Jennie Perkins is reversed and remanded.

As to George Perkins it remains undisturbed.