UNITED STATES v. WAINER.
No. 48 C 1926.

United States District Court
N. D. Illinois, E. D.

Dec. 5, 1952.

Otto Kerner, Jr., U. S. Atty., Chicago, Ill., for plaintiff.

Maurice J. Walsh, Chicago, Ill., for defendant.

PERRY, District Judge.

The defendant's motion to amend his answer to conform to the evidence, offered pursuant to the provisions of Rule 15(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. presents for judicial determination the question as to whether a release, through compromise, of one assessee from the joint and several assessments made under Section 2800(d), Internal Revenue Code, releases the other assessee.

Section 2800(a) (1) of Title 26, U.S.C.A. provides that "There shall be levied and collected on all distilled spirits in bond or produced in or imported into the United States an internal revenue tax at the rate of $6 on each proof gallon or wine gallon when below proof and a proportionate tax at a like rate on all fractional parts of such proof or wine gallon, to be paid by the distiller or importer when withdrawn from bond."

Section 2800(d) of Title 26, U.S.C.A. provides that "Every proprietor or possessor of, and every person in any manner interested in the use of, any still, distillery, or distilling apparatus, shall be jointly and severally liable for the taxes imposed by law on the distilled spirits produced therefrom."

On the trial of the cause, it appeared that an assessment for distilled spirits tax was made by the Commissioner of Internal Revenue against the defendant, Allen M. Wainer, and against one Harry Braverman, who has not been sued, and who is not a party to this lawsuit. It appeared that these two persons and several others were prosecuted for violation of the Internal Revenue Laws in connection with the still in question. According to the records of the Collector of Internal Revenue, which were introduced by the Government, Harry Braverman compromised and settled the tax liability in 1940 for $5,000. The Government now proposes to allow credit to Allen M. Wainer, defendant herein, for the $5,000, which it received from Braverman in compromise and settlement of the liability.

By the proposed amendment to the answer, the defendant contends that the compromise and the release of the tax liability with Braverman, releases both assessees of the tax, because the tax liability is joint and several and the release of one is the release of all.

Revenue laws should be so construed as will most effectually accomplish the intention of the legislature in passing them. U. S. v. Wolters, C.C., 46 F. 509. The provisions of Section 2800(d) of Title 26 U.S.C.A. were designed to prevent evasion of the tax and to circumvent frauds upon the government. Dougherty v. Lewis, 9 Cir., 115 F.2d 478.

The language of the pertinent statutory sections is clear. The provisions of Section 2800(a) (1) establish the tax on the distilled spirits and prescribe the method of computation. Section 2800(d) designates the particular persons who are liable for this tax and sets out the extent of their liability. This Court does not agree with the defendant's position that the words "jointly and severally liable" affect only the remedy. This position appears to be premised on the theory that a joint and several obligation involves a single liability with several remedies. Consequently, the defendant would say, a partial recovery from one obligor, by way of judgment or settlement, would satisfy this single liability and the obligee would be barred from pursuing his remedies against the other obligors in order to recover the balance of the obligation. A joint and

several obligation is not restricted to a single liability. It involves two distinct types of liabilities: one against each obligor individually and the other against all obligors jointly. Compare Mason v. Eldred, 6 Wall. 231, 73 U.S. 231, 18 L.Ed. 783; Moore v. Rogers, 19 Ill. 346. It is the dual nature of the liability which gives rise to the additional remedies. By virtue of the provisions of Section 2800(d), the Government can proceed against each assessee individually until satisfaction of the tax is fully obtained. A release of one of the obligors will extinguish only his liability; his satisfaction will be only a *pro tanto* satisfaction of the tax; it will not satisfy the whole tax. The Government may still proceed to recover the balance from the other obligors on their outstanding individual liabilities.

It is, therefore, the view of this Court that the release of Harry Braverman extinguished only his individual liability, that it did not release the defendant from his individual liability, that the $5,000 recovered from Braverman was only a *pro tanto* satisfaction of the entire tax, and that the Government is entitled to proceed against the defendant for the balance on his individual liability.

The defendant's motion to amend his answer to conform to the evidence is denied.