## GILES v. FIRST NATIONAL BANK OF BROWNFIELD.

### No. 6287.

Court of Civil Appeals of Texas. Amarillo.

Feb. 16, 1953.

James W. Witherspoon and John D. Aikin, Hereford, for appellant.

Hackney & Crawford, Brownfield, for appellee.

NORTHCUTT, Justice.

This suit was instituted July 2, 1952, by the First National Bank of Brownfield, Texas, as plaintiff, against Russell J. Giles and his wife, Othell Giles, to recover judgment on a promissory note together with foreclosure of a chattel mortgage given to secure the payment of said note. Citations were duly issued and served on each of the defendants, but neither of the defendants filed an answer but wholly made default. On August 6, 1952, default judgment was rendered against both Russell J. Giles and his wife, Othell Giles, for the principal, interest and attorneys' fees, together with foreclosure upon certain chattels covered by the chattel mortgage. On September 16, 1952, Othell Giles filed her petition for writ of error for revision of said judgment by this court, and it is therefore before the court by writ of error.

■■ It is the contention of the petitioner, Othell Giles, that the court erred in rendering a default judgment against her since the petition filed by the bank showed upon its face that she was a married woman, and it did not allege the debt sued upon was for the benefit of her separate property nor that it was for necessaries or any other purposes which under the law would justify the rendition of a personal judgment as against her. There is no complaint made as to the judgment against Russell J. Giles nor as to any other part of the judgment. It is well established in this state that when a petition shows that the defendant is a married woman that it must show the grounds of her liability. The petition in this case merely alleged the defendants made, executed and delivered the note in question and thereby became liable and bound to pay the plaintiff the sum of money in said note specified. No place did the plaintiff attempt to plead that the debt was contracted for the benefit of the wife's separate property or any other fact that would authorize a judgment against her.

■ In the case of Shannon v. Childers Tex.Civ.App., 202 S.W. 1030, 1032, the Court said:

"The petition upon its face discloses that defendant Johnnie Shannon was the wife of James D. Shannon at the time the deed to Fischer was executed. No facts are alleged which, under any possible theory, would relieve the disability of coverture so as to render her personally liable for a breach of the covenant of warranty. Baird v. Patillo [Tex.Civ.App.], 24 S.W. 813; Wadkins v. Watson, 86 Tex. 194, 24 S.W. 385, 22 L.R.A. 779. The petition, therefore, fails to state a cause of action against her, and does not support the judgment against her. Speers, Law of Marital Rights (2d Ed.) 458; Wheeler v. Burks [Tex.Civ.App.], 31 S.W. 434; Trimble v. Miller, 24 Tex. [214] 215; Covington v. Burleson, 28 Tex. 368."

Long v. Crutchfield, Tex.Civ.App., 295 S. W. 625, 627, states:

"It is well settled by authority in this state that married women cannot be bound personally, by contracts, so as to subject their separate property, unless it is done by their express authority conferred upon them by statute. Wadkins v. Watson, 86 Tex. 194, 24 S.W. 385, 22 L.R.A. 779; Kellett v. Trice, 95 Tex. 160, 66 S.W. 51; Poe v. Hall, Tex.Civ.App., 241 S.W. 708."

In the case of Stephenson v. Owen, Tex. Civ.App., 299 S.W. 930, the pleadings did not allege any of the matters to show the grounds of Mrs. Stephenson's liability, but the trial court in its judgment recited that the evidence showed the note sued upon to have been executed and delivered by Mrs. Stephenson for an indebtedness incurred for the benefit of her separate property. The Court of Civil Appeals reversed the case in so far as it decreed a personal recovery against Mrs. Stephenson, but affirmed the case as to the recovery against her husband and the foreclosure on the bank stock against both of them. The same condition exists in this case. No complaint is made as to the judgment against Russell J. Giles nor the foreclosure of the chattel mortgage as against both Mr. and Mrs. Giles.

In Perkins v. Compton, Tex.Civ.App., 61 S.W.2d 575, 576, the court said:

"Her first assignment of error in support of her writ of error reads: 'The court committed fundamental error in rendering judgment for the plaintiff against the defendant, Mrs. Jennie Perkins, by default, it appearing from plaintiff's petition that the defendant was a married woman, and it not appearing therein that the claimed indebtedness was for necessaries furnished to her, or her children, or for the benefit of her separate estate.' "

After stating the same principle of law, Judge Jackson said, in the case of Stevenson v. Abernathy, Tex.Civ.App., 69 S.W.2d 850, 852:

"The law as announced by the foregoing authorities, so far as our investigation has disclosed, has been followed by an unbroken line of authorities in this state. Mills v. Frost National Bank, Tex.Civ.App., 208 S.W. 698, writ refused; Benjamin v. Youngblood, Tex.Civ.App., 207 S.W. 687, writ refused; Baxter v. Baxter, Tex. Civ.App., 225 S.W. 204; Poe v. Hall, Tex.Civ.App., 241 S.W. 708; Burleson v. Graves, Tex.Civ.App., 255 S.W. 1013; Ware v. Hall, Tex.Civ.App., 273 S.W. 925; Hadad v. Ellison, Tex.Civ. App., 283 S.W. 193; Becker v. Good-man-Kantz Furniture Co., Tex.Civ. App., 13 S.W.2d 735; Guest v. Cox, Tex.Civ.App., 34 S.W.2d 301; Daniel v. Sayle, Tex.Civ.App., 40 S.W.2d 1101."

The indebtedness represented by the note in question is the joint obligation of the husband and wife and is a community debt for which the husband alone can be made personally responsible or liable by judgment, but the debt cannot be collected out of the separate estate of the wife further than the chattels set out in the chattel mortgage.

The authorities herein cited require the reformation of the judgment of the trial court in so far as the same awards personal judgment against Mrs. Othell Giles for the debt in issue. The judgment of the trial court is accordingly reformed that plaintiff take nothing as to its suit for personal judgment against Mrs. Othell Giles but the judgment of the trial court is in all things affirmed against Othell Giles for the debt and for foreclosure of the lien on the property described in the chattel mortgage as against both Othell Giles and Mrs. Othell Giles. The judgment of the trial court as so reformed is affirmed and costs of appeal are decreed against the defendant in error.