Mrs. D. J. BROWN et vir, Appellants,

v.

SINGER SEWING MACHINE COMPANY,
Appellee.

No. 10897.

Court of Civil Appeals of Texas.

Austin.

Nov. 15, 1961.

Rehearing Denied Dec. 6, 1961.

Clyde Vinson, San Angelo, for appellants.

William Davenport, San Angelo, for appellee.

HUGHES, Justice.

This suit was brought by Singer Sewing Machine Company to recover upon a note given by Mrs. D. J. Brown in part payment of a Singer Sewing machine purchased by her from the Singer Company, and for foreclosure of a chattel mortgage on the machine securing payment of the note.

The new machine was partly paid for by Singer accepting, in trade, an old machine owned by Mrs. Brown.

Singer obtained possession of the new machine through sequestration proceedings.

Trial to the Court without a jury resulted in a judgment vesting title to the new machine in Singer, and vesting title to the old machine in Mrs. Brown.

This judgment makes no disposition of the note or mortgage, but construed in the light of the evidence, we take it to be a judgment for rescission of the sewing machine trade transaction.

Appellants' first point is that the Court erred in failing to sustain a plea of res adjudicata.

It appears that a prior suit (No. 6351) was brought in the same court by appellee upon the note in suit and for foreclosure of the same lien. In this suit the husband, D. J. Brown, was the only original defendant, however Mrs. Brown was made a party by supplemental pleadings.

Mr. Brown answered by alleging the mental incapacity of Mrs. Brown at the time the trade was consummated, disaffirming the agreement made by his wife, and tendering complete rescission of the trade.

 This suit resulted in a judgment that Singer recover nothing, the Court finding that although the Browns had tendered the old machine, Singer refused to produce the new machine and "defendants then and there, without offering any evidence, moved the Court for judgment denying plaintiff the relief prayed for; and the Court having fully considered the evidence and finding the law and the facts with the defendants," entered the take nothing judgment.

Singer attempted to have this judgment reviewed by a Bill of Review proceedings. In this it was unsuccessful.

It is our opinion that the judgment in Cause No. 6351 is void, and that it cannot support a plea of res adjudicata.

The burden in that case was upon the defendants to prove that it was entitled to a rescission of the contract, yet the judgment recites that the defendants offered no evidence.

In that case the defendants admitted the execution of the note and mortgage, their pleading being in the nature of confession and avoidance. It was incumbent upon them to prove their right of avoidance. The judgment affirmatively shows that this burden was not discharged, yet judgment was for them. This is fatal and fundamental error apparent upon the face of the record.

We understand that the Trial Court was attempting to execute rescission of the trade which he apparently believed was proper. He should have, however, before entering judgment, required the defendants to prove their grounds for rescission and then entered a proper judgment upon which the usual forms of execution could be based and issued.

The plea of res adjudicata is overruled.

Point two is that the Court erred in awarding to and permitting appellee to keep the new machine in its possession, and directing it to return the old machine to appellants.

The basis of this point is the judgment rendered in Cause No. 6351, which we have held void. If that conclusion is correct, this point is without substance, and it is overruled.

 The last point is that appellants are entitled to a judgment against appellee upon the replevy bond given by it to secure possession of the new machine for the value of such machine and its use.

There was no wrongful sequestration proved here. Singer has been adjudged the owner of the new machine which it sequestered and replevied. It was admitted by appellants that Singer had a valid lien on the machine, and default on the debt is undisputed. The point is overruled.

The judgment is affirmed.

### On Motion for Rehearing

 Appellants pointing to the fact that the pleadings in prior suit No. 6351 disclosed that Mrs. Brown was a feme covert correctly state that the burden was on

**308**

Singer to plead and prove facts sufficient to overcome her disabiliy of coverture. Giles v. First National Bank of Brownfield, Tex.Civ.App., 257 S.W.2d 945, Amarillo Civil Appeals. It follows that the judgment in Cause No. 6351 was not void. If a final judgment, it effectively adjudicated the nonliability of Mrs. Brown on the note and mortgage. It did nothing more. It did not adjudicate the title or right of possession of either of the sewing machines. It did not adjudicate appellant's plea of rescission. In fact, the judgment reflects an intentional failure to rule on the plea for rescission. If the judgment in Cause No. 6351 was not a final judgment, it could not be the basis of a plea of res adjudicata. If it was a final judgment, it did not adjudicate the right of rescission which, alone, is accomplished by the judgment herein.

The motion is overruled.