**Wayne KELSO, Appellant,**

v.

**Frank S. HANSON et al., Appellees.**

**No. 7360.**

Court of Civil Appeals of Texas.

Amarillo.

June 1, 1964.

Rehearing Denied June 29, 1964.

Neal, Hazlewood & Wolfram, Amarillo, for appellant.

Gibson, Ochsner, Harlan, Kinney & Morris; Harris E. Lofthus, Amarillo, for appellees.

NORTHCUTT, Justice.

Wayne Kelso brought this suit in Cause No. 5767 against Frank S. Hanson and Stanley T. Blackburn, the sureties on a replevy bond which was dismissed on appellant's refusal to amend after a special exception for failure to allege a cause of action was sustained.

In Cause No. 5273 Flock filed suit against appellant for damages for alleged unlawful taking of the machine from Flock's possession on approximately May 19, 1961. A writ of sequestration issued on that date. An instrument alleged to be a replevy bond was executed on June 1, 1961, and approved on June 2, 1961, by L. S. Johnson, by J. L. Pounds, Deputy. The instrument states: "Whereas, by virtue of a writ of sequestration, dated the 19th day of May, 1961, issued out of the 47th District Court, Randall County, State of Texas, in favor of Delbert D. Flock, plaintiff, against Wayne Kelso, defendant, in a certain suit there impending, wherein the said Delbert D. Flock is plaintiff, and Wayne Kelso is defendant, numbered 5273, L. S. Johnson, Sheriff of Randall County, has seized and taken from the possession of the said Wayne Kelso the following described property to wit:" The property herein described being the engine in question.

At the time the bond was executed, appellant's cross-action had not been filed. It was not filed until October 6, 1961, being four months after the sequestration and replevy were completed.

The cross-action alleged that appellant was a mechanic within the meaning of Article 16, Section 37 of the Constitution of the State of Texas, Vernon's Ann.St.; that work and repairs were done on the dirt grinding machine; that on completion of the work he was entitled to retain possession of the machine because of his lien; that Flock wrongfully and without the knowledge and consent of Kelso removed the machine; that he located and repossessed himself of the machine against which he still asserted his mechanic's and materialman's lien and sought foreclosure thereof. In that trial the jury found that the machine in question was removed from the premises of Kelso with Kelso's knowledge and consent. The judgment entered in that cause foreclosed only appellant's constitutional lien.

Under the finding of the jury in Cause No. 5273 Flock had received the machine in question from Kelso with Kelso's knowledge and consent. Kelso pleaded (after Flock under the findings of the jury had possession of the machine with Kelso's knowledge and consent) he located and repossessed the machine himself. It was after Kelso had located and repossessed the machine himself that Flock filed suit against Kelso for wrongfully repossessing the machine and sequestered the machine. Hanson and Blackburn signed the sequestration bond and appellant seeks judgment against them in this suit as sureties upon said bond. Hanson and Blackburn answered appellant's petition and presented and urged the following exception:

"Now comes the Defendant and excepts to Plaintiff's Original Petition because the same does not allege a cause of action against this Defendant, and in support thereof would show to the Court that the judgment in Cause No. 5273, Delbert D. Flock vs. Wayne Kelso, by its implied finding, found in favor of Delbert D. Flock as to the right of possession to the machine in that it foreclosed a constitutional lien against such machine; such lien being a nonpossessory lien and enforceable only by judgment of the Court. Said judgment further shows that the jury, in answer to Special Issue No. 20, found that Wayne Kelso surrendered his possessory lien. The judgment entered was on a cross action of the Defendant for a debt for which reason Defendant prays judgment of the Court."

The court sustained the exception and appellant refused to amend and the case was dismissed. From that judgment appellant perfected this appeal.

■ Flock owned the machine in question. Kelso had the machine in his possession and did furnish materials and labor on the machine. He had the right to retain possession until his bills were paid. Flock received back the machine with Kelso's knowledge and consent after Kelso had furnished the materials and performed the labor on the machine. Kelso's pleadings show he took the machine back from Flock without Flock's knowledge or consent. Flock, seeking to regain the possession he had with the knowledge and consent of Kelso, sequestered the machine.

■ There is no question here involved as to the title of the machine, since Flock was the owner. According to the finding of the jury in Cause 5273 in which case the sequestration was had, possession had been given to Flock by Kelso. When Kelso retook possession of the machine without Flock's knowledge or consent, as he pleaded, and to regain the right of possession that had been given him by Kelso to the property, the property was sequestered by Flock and there would be no damages due under such sequestration since Flock was only regaining that which he had a right to have. It is stated in Darr Equipment Co. v. Holland Page, Inc., Tex.Civ.App., 355 S.W.2d 595 (writ dismissed) as follows:

"It has been authoritatively held that where an owner has been awarded title and possession of property as against

defendants to the suit, such judgment is conclusive and res adjudicata to the right of such defendants to recover damages from the owner for taking possession under sequestration proceedings. Howe v. Central State Bank of Coleman, 13 S.W.2d 437, Austin Civil Appeals, writ ref. (1929), Hunt v. Bagwell, 111 S.W.2d 312, Eastland Civil Appeals, writ ref. (1937)."

See also Petersime Incubator Co. v. Bunn, Tex.Civ.App., 239 S.W.2d 416 (writ dismissed) and the cases there cited.

Since Flock was the owner of the machine and had the right of possession as had been determined by the jury in the original case, Cause No. 5273, there was no wrongful sequestration proven and the court was correct in dismissing the case. Brown v. Singer Sewing Machine Company, Tex. Civ.App., 352 S.W.2d 306.

Judgment of the trial court is affirmed.