474 P.2d 476

Dolona CABOT, Plaintiff-Appellant,

v.

FIRST NATIONAL BANK OF SANTA FE,
Defendant-Appellee.

FIRST NATIONAL BANK OF SANTA FE,
Plaintiff-Appellee,

v.

Dolona CABOT, Defendant-Appellant.

No. 8939.

Supreme Court of New Mexico.

April 27, 1970.

Chavez & Roberts, Santa Fe, for appellant.

White, Gilbert, Koch & Kelly, John F. McCarthy, Jr., Santa Fe, for appellee.

## OPINION

WATSON, Justice.

Shortly after their marriage Dolona Cabot and Hugh Cabot executed a promissory note to The First National Bank of Santa Fe. This note was unpaid at the time of their separation and divorce, and the divorce decree declared it a community indebtedness and required the husband to assume it.

After the divorce the former wife brought a declaratory judgment action against the Bank seeking a ruling that the promissory note was a community debt and could be satisfied only out of community assets. While this action was pending the Bank brought suit on the note against both of the Cabots. The note, executed during coverture by both husband and wife, provided for joint and several liability.

The actions having been consolidated, the trial court rendered a joint and several judgment against both Cabots in favor of

the Bank for the unpaid balance plus interest and attorney fees and ruled that the judgment was enforceable against the separate assets of each. It also rendered judgment in the same amount in favor of the former wife and against the former husband. The former wife, Dolona Cabot, appeals from the Bank's judgment holding her separate assets liable for satisfaction of the debt.

The question of whether a judgment on a note, which provides for "joint and several" liability and which is signed by both the husband and the wife for the benefit of the community, can be recovered from the wife's separate estate, appears to be one of first impression in New Mexico. The appellant contends that the court erred in refusing to conclude that the promissory note was issued on the credit of the community to be satisfied only out of community funds. Appellant also contends that the words "joint and several" in the note mean joint and several interests in the community estate.

Appellee Bank claims that the wife's separate property can be reached to satisfy a debt upon which she is jointly and severally liable, along with her husband. It relies upon § 57–2–6, N.M.S.A., 1953 Comp., which reads:

"Either husband or wife may enter into any engagement or transaction with the other, or with any other person respecting property, which either might, if unmarried; subject, in transactions between themselves, to the general rules of common law which control the actions of persons occupying confidential relations with each other."

This statute was considered in First Savings Bank & Trust Company v. Flournoy, 24 N.M. 256, 171 P. 793 (1917), where we held that under the statute if a wife signs a note, even as accommodation maker for her husband and for a community debt, judgment can be obtained against her and enforced against her separate estate. The case differs from the one at bar in that the wife alone there signed the note rather than, as here, as a co-signer to be jointly and severally liable.

The wife's signature alone on a note does not obligate the community, § 57–4–2, N.M.S.A., 1953 Comp., and the wife's creditors can look only to her separate estate for satisfaction. Morris v. Waring, 22 N.M. 175, 159 P. 1002 (1916). While the husband's signature can, by itself, obligate his separate estate, his individual signature may also obligate the community estate as well. Section 57–4–3, N.M.S.A., 1953 Comp.; Campbell v. Campbell, 62 N.M. 330, 310 P.2d 266 (1957); Denton v. Fireman's Fund Insurance Company, 357 F.2d 747 (10th Cir. 1966).

There is also a presumption in New Mexico that a community debt is established when both husband and wife sign a note, but this presumption is rebuttable. Malcolm v. Malcolm, 75 N.M. 566, 408 P.2d 143 (1965).

Appellant cites Giles v. First National Bank of Brownfield, 257 S.W.2d 945 (Tex. Civ.App.1953), as holding that the signing of a promissory note by both husband and wife establishes a community obligation which can be only satisfied out of community assets. At the time of that case the Texas statute (Art. 4623, Vernon's Ann. Tex.Civ.St.) only subjected the wife's separate property to debts contracted by her for necessities furnished herself or her children. However, in 1963, Art. 4623, supra, was repealed, and the Texas law was changed by amending Art. 4626, V.T.C.S., so that the wife's separate estate is now liable for all debts contracted by her, and her separate property may be subject to levy. Kitten v. Vaughn, 397 S.W.2d 530 (Tex.Civ.App.1965). In Swinford v. Allied Finance Company of Casa View, 424 S.W. 2d 298 (Tex.Civ.App.1968), the facts were similar to those here. The note there signed by the wife was held to be a joint and several obligation, and summary judgment against only the wife (after divorce) was upheld. In view of the changes in the

Texas law, therefore, we do not feel that the Giles case offers any support for appellant's claim.

In Garthofner v. Edmonds, 74 Cal.App.2d 15, 167 P.2d 789 (1946), under a statute similar to our § 57–2–6, supra, the California court held that a wife who joins with her husband on a note is jointly and severally liable and may be legally bound to pay the entire debt. A judgment on a joint and several note signed by both the husband and the wife is collectible from her separate property as well as from her share of the community property and from the community and separate property of her husband. See, also, Churchill v. Miller, 90 Wash. 694, 156 P. 851 (1916).

■ We hold that § 57–2–6, supra, authorized the wife to agree to the terms of the note as though she were unmarried. Here she agreed to be jointly and severally liable. By becoming severally obligated she separately assumed personal and individual responsibility. Kaspar American State Bank v. Oul Homestead Ass'n, 301 Ill.App. 326, 22 N.E.2d 785 (1939); United States v. Wainer, 108 F.Supp. 386 (N.D.Ill.1952). Such an obligation is collectible from any one of the signers of the note. Leusch v. Nickel, 16 N.M. 28, 113 P. 595 (1911). Thus the trial court properly held that the judgment upon the note was enforceable against the separate property of appellant, Dolona Cabot.

Since appellant has a judgment against her former husband for the indebtedness he was required to assume by the divorce decree, it appears that (as in First Savings Bank & Trust Company v. Flournoy, supra) the question of whether the note was also a community indebtedness becomes unimportant.

The judgment below is affirmed.

It is so ordered.

TACKETT and SISK, JJ., concur.