490 P.2d 678

**COMMERCE BANK AND TRUST, a New Mexico Banking Corporation, Plaintiff-Appellee,**

v.

**Imogene Whitfield JONES, also known as Jeanie Whitfield, Defendant-Appellant.**

**No. 9299.**

Supreme Court of New Mexico.

Nov. 11, 1971.

James L. Dow, Carlsbad, for defendant-appellant.

McCormick, Paine & Forbes, Carlsbad, for plaintiff-appellee.

OPINION

STEPHENSON, Justice.

Appellee ("the bank") obtained a joint and several judgment against appellant and Stanley L. Jones, who took no appeal. We affirm.

Among the trial court's findings were the following:

"1. At all times material hereto the two defendants were husband and wife and each was possessed of a separate estate.

"2. Prior to November 29, 1969, Defendant Stanley L. Jones requested from Plaintiff a loan of $5,000.00 which was refused by Plaintiff.

"3. On November 29, 1970, Plaintiff made a loan of $5,000.00 to the Defendants, the requirements for the loan including the signature of the wife to the note and furnishing by the wife of a separate financial statement as to her separate estate.

"4. The loan would not have been made to Defendants except for the joinder of Defendant Imogene Whitfield Jones on the note and the furnishing of the financial statement of Defendant Imogene Whitfield Jones.

"5. When the note of 29 November 1970 became due, Defendants paid the interest, and requested renewal of the note. On March 5, 1970, the Defendants executed and delivered to Plaintiff their renewal note, in the amount of $5,000.00 due on demand or not later than May 5, 1970, the note being Plaintiff's Exhibit 1 in this cause. At the time of renewal of the note, no requirements were made of Defendants, other than signature of the renewal note.

"6. The proceeds of the loan were immediately deposited in the account of Francisca Corporation, a Corporation in which Defendant Stanley L. Jones was the major stockholder, which stock he owned as his separate property."

The court concluded that appellant executed the note as an accommodation to her husband for the benefit of the bank and that she had pledged her separate credit. The question presented to us is whether appellant's separate property is liable for the judgment. We are thus not concerned with property rights of the conjugal partners inter se.

Appellant relies upon the proposition that a wife's separate property is not liable for community debts. This is a principle with which we have no quarrel and from which we have no desire to depart so long as it is correctly understood and properly applied. However, a simplistic application of it may do violence to the rights of creditors in circumstances in which the wife by her acts or omissions has emerged from the shelter which the law has erected for her and her separate property.

E. Rosenwald & Son v. Baca et al., 28 N.M. 276, 210 P. 1068 (1922) is a typical case on the principle under discussion, and the one relied upon by appellant here. There the question was whether the separate property of the wife was liable on an open account incurred by her deceased husband. The court said the issue was whether or not the lady "had by conduct and representations made her separate property liable for the debt." The court reversed a directed verdict for plaintiff and remanded for further proceedings because there was "no word of testimony * * * showing any absolute contract or promise * * *" on the part of the wife in obtaining the credit. It is clear that had there been such a contract or promise, the result would have been otherwise.

Here the appellant voluntarily and without any qualification or restriction signed a note which on its face is an "absolute contract or promise." We hold that a wife who joins with her husband on a note is jointly and severally liable and may be legally bound to pay the entire debt. A judgment on a joint and several note signed by both the husband and the wife is collectible from the community property or the separate property of either or both. Cabot v. First National Bank of Santa Fe, 81 N.M. 793, 474 P.2d 476 (1970).

Appellant had a complete right to enter into such undertaking and to subject her property to liabilities differing from those which under our law would otherwise apply. Disabilities resulting from her marital status have been removed by statute. Section 57–2–6, N.M.S.A., 1953.

Appellant claims that this case is distinguishable from Cabot in that the note there provided for joint and several liability whereas the one here does not. If this be a deficiency in the note we are considering, a feature of which we are by no means convinced, it is a lack filled by § 50A–3–118(e), § 21–6–2 and § 21–6–3, N.M.S.A., 1953, each of which provides for joint and several liability.

A good deal of the trial below and the argument here is devoted to the question of whether the note sued on was a community debt. The nature of the

**238**

debt as community or otherwise plays no part in our decision. Even though an indebtedness may be community in nature as between the conjugal partners, the wife, by her acts or omissions in dealings with third parties, may make her separate property liable for its payment. Such is the case here.

The judgment is affirmed; the appellee is further awarded the additional sum of $500.00 for services of its attorney in this court.

It is so ordered.

COMPTON, C. J., and MONTOYA, J., concur.