609 P.2d 720

**DEAN WITTER REYNOLDS, INC.,**
Plaintiff-Appellee,

v.

**Phillip M. ROVEN and Joyce Roven, Zerlina, Inc. and The Looking Glass, a New Mexico Sole Proprietorship composed of Phillip Roven and Joyce Roven, Defendants-Appellants.**

No. 12605.

Supreme Court of New Mexico.

March 7, 1980.

Rehearing Denied March 18, 1980.

Louis J. Vener, Albuquerque, for defendants-appellants.

Eaves & Darling, John M. Eaves, Jeffrey J. Dempsey, Albuquerque, for plaintiff-appellee.

## OPINION

SOSA, Chief Justice.

Defendants appeal from an order of the district court refusing to set aside a default judgment for a debt upon a commodity account.

The first issue is whether the trial court abused its discretion by denying the defendant's Rule 55(c) motion to vacate in accordance with Rule 60(b)(1) on the grounds of

mistake, inadvertence, surprise or excusable neglect. N.M.R.Civ.P. 55(c), N.M.S.A.1978 (Spec.Supp.1979); N.M.R.Civ.P. 60(b)(1), N.M.S.A.1978. The second issue is whether the district court abused its discretion by refusing to compel arbitration between the parties. We reverse.

Dean Witter Reynolds, Inc., plaintiff, filed a complaint in district court against the Rovens, Zerlina, Inc. and The Looking Glass, a sole proprietorship of the Rovens, alleging that a debt of $30,668.50 had become due. The defendants were properly served, but failed to respond in thirty days.

Plaintiffs, without notice, moved for a default judgment, which was entered. Three days later the defendants filed a motion to set aside the judgment, attached an affidavit giving the reasons for the failure to answer and attached a proposed answer. The trial court granted the defendants a stay of execution and issued an order to show cause why judgment should not be set aside. This was later amended to put the burden on the defendants to show cause why the judgment should be vacated. Defendants later moved to dismiss for lack of jurisdiction under Rule 12(b)(1), claiming the dispute was subject to arbitration. N.M.R.Civ.P. 12(b)(1), N.M.S.A.1978. A hearing was then held, combining the motion to set aside, the motion to dismiss and a hearing on the merits. The trial court ruled that the default judgment was proper, that it should not be vacated, and that defendants waived their claim to arbitration.

■ When we review a trial court's ruling on a motion to set aside a default judgment, we will not disturb the ruling unless the court acted beyond the confines of sound discretion. *Springer Corporation v. Herrera*, 85 N.M. 201, 510 P.2d 1072 (1973). But "because courts universally favor trial on the merits, slight abuse of discretion in refusing to set aside a default judgment will often be sufficient to justify reversal of the order." (Citation omitted.) *Id.* at 203, 510 P.2d at 1074. In *Springer Corporation v. Herrera, supra,* we stated that the trial court must apply a liberal standard in de-

termining (1) whether there is excusable neglect and (2) whether the defendants have a meritorious defense. If these two issues are decided in the affirmative in accordance with Rule 60(b)(1), and there are no intervening equities, the default judgment should be set aside and the case decided on its merits. *Weisberg v. Garcia,* 75 N.M. 367, 404 P.2d 565 (1965).

In the present case, the defendants argue that their failure to file a timely answer was excusable because settlement negotiations were taking place at the time the default judgment was entered. The defendants claim that they were told by the plaintiff that he would not move for default judgment so long as negotiations continued. Though they did not enter an appearance or file pleadings, they argue that a default should not have been entered against them without notice.

■ Rule 55 provides that a party who has entered an appearance must be given three days notice before a default judgment can be entered. N.M.R.Civ.P. 55(b), N.M.S.A.1978 (Spec.Supp.1979). Though the letter of this law does not apply, the spirit certainly does. The plaintiff was in contact with the defendants, knew their whereabouts, was possibly negotiating with them, and even represented that no default would be entered during settlement negotiations. Yet no notice of the motion for default was given to defendants. Under these circumstances, and because of the lack of prejudice to the plaintiff, we believe that the defendants' failure to answer in thirty days was excusable neglect. We also believe that the trial court's opposite determination was a sufficient abuse of discretion to warrant a reversal on this issue. It is to be stressed, however, that this Court does not condone the untimely filing of any pleadings. Absent a showing of excusable neglect, the policy in favor of finality of judgments should prevail.

■ The trial court also abused its discretion in ruling that the defendants did not show a meritorious defense. The defendants claim as a meritorious defense, *inter*

*alia,* that the dispute is subject to arbitration under the terms of the contract between themselves and the plaintiffs. The contract provided in part:

> *Any controversy* between [Dean Witter Reynolds] and the undersigned arising out of or relating to this contract or the breach thereof, *shall be settled by arbitration,* in accordance with the rules, then obtaining, of either the Arbitration Committee of the Chamber of Commerce of the State of New York, or the American Arbitration Association, or the Board of Arbitration of the New York Stock Exchange, as the undersigned may elect. If the undersigned does not make such election by registered mail addressed to [Dean Witter Reynolds'] main office within five (5) days after receipt of notification from [Dean Witter Reynolds] requesting such election, then the undersigned authorizes [Dean Witter Reynolds] to make such election in behalf of the undersigned. . . . (Emphasis added.)

The plaintiff argues that the defense of arbitration was never properly asserted and was therefore waived. In order to determine whether waiver has occurred, we must look to the Federal Arbitration Act, 9 U.S.C. §§ 1 to 14 (1976).

■ The Federal Arbitration Act, 9 U.S.C. §§ 1 to 14, applies where (1) there is a written arbitration provision in the contract; (2) the contract evidences a transaction involving interstate commerce; (3) the court is satisfied that the issue is subject to arbitration under the agreement, and (4) the applicant is not in default in proceeding with such arbitration. *Episcopal Housing Corp. v. Federal Ins. Co.,* 269 S.C. 631, 239 S.E.2d 647 (1977). The contract in the present case concerned commodity trading of gold futures, and is within the purview of the Federal Arbitration Act. *Romnes v. Bache & Co., Inc.,* 439 F.Supp. 833 (D.C. 1977). It is clear that the contract contains an arbitration clause which would apply to this dispute. In making a determination whether a default occurred, we are guided by the policy against waiver of arbitration rights unless one's conduct has gained him

undue advantage or resulted in prejudice to another. *See Hanes Corp. v. Millard,* 174 U.S.App.D.C. 253, 531 F.2d 585 (1976); *United Nuclear Corp. v. General Atomic Co.,* 93 N.M. 105, 597 P.2d 290 (1979), *cert. denied,* 444 U.S. 911, 100 S.Ct. 222, 62 L.Ed.2d 145 (1979).

In *United Nuclear v. General Atomic Co., supra,* we held that a party had waived its right to arbitration. In that case, General Atomic Company had not properly manifested its desire to arbitrate for a period of twenty-seven months after suit was filed, and the parties had spent millions of dollars on discovery proceedings and trial preparation. *United Nuclear Corp. v. General Atomic Co., supra.* The facts of the present case are clearly distinguishable. The defendants have pursued litigation only because no other feasible alternative was available. They had to have the judgment vacated before they could either arbitrate or go to trial on the merits. They did not act inconsistently with a claim for arbitration and the opposing party was not prejudiced.

■ Though the defendants could have raised the issue in a more appropriate manner, the existence of a defense of arbitration was without a doubt brought to the attention of the court in time. The contract containing the arbitration clause was attached to the plaintiff's complaint as an exhibit. In addition, the defense of arbitration was specifically asserted in the Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. N.M.R.Civ.P. 12(b)(1), N.M.S.A.1978. This was filed four weeks before the hearing on whether to vacate the default judgment. Though a valid arbitration defense does not divest the court of jurisdiction, and is not properly raised by a Rule 12(b)(1) motion, we are persuaded that such a motion was sufficient to put the court on notice that a meritorious defense existed. *Cf. Diaz-Buxo v. Trias Monge,* 593 F.2d 153 (1st Cir. 1979), *cert. denied,* 444 U.S. 833, 100 S.Ct. 64, 62 L.Ed.2d 42 (1979); *Williams v. Murdoch,* 330 F.2d 745 (3rd Cir. 1964). (A rule

12(b)(1) motion may be used to raise an affirmative defense where no prejudice will result to the opposing party.)

We conclude that under the Federal Arbitration Act, waiver did not occur. A meritorious defense was therefore shown, and the trial court abused its discretion by not setting aside the default judgment. The trial court must also give effect to the terms of the contract and compel arbitration between the parties.

The matter is reversed and remanded to the district court to allow appellants to elect, by registered mail, the arbitrators they would prefer. If the election is not made within five days after mandate, the appellee may make the election as provided for in the contract between the parties. The appellees' request for attorneys fees on appeal is denied.

IT IS SO ORDERED.

PAYNE and FEDERICI, JJ., concur.