690 P.2d 1010

**NEW MEXICO EDUCATORS
FEDERAL CREDIT UNION,**
Plaintiff-Appellee,

v.

**Kenneth D. WOODS, Defendant,**

and

**Arlene Woods, Defendant-Appellant.**

No. 15342.

Supreme Court of New Mexico.

Oct. 24, 1984.

Rehearing Denied Nov. 13, 1984.

Robert L. Schwartz, UNM Clinical Law Program, Albuquerque, for defendant-appellant.

Paskind, Lynch & Dow, Will Jeffrey, Albuquerque, for plaintiff-appellee.

## OPINION

FEDERICI, Chief Justice.

New Mexico Educators Federal Credit Union (Credit Union) brought suit against Arlene DuBois, formerly Arlene Woods, (DuBois), and her former husband, Kenneth Woods (Woods), for (1) money due on an open-end credit account, and (2) overdrafts on a share-draft account. The District Court of Bernalillo County entered a default judgment against DuBois and Woods and denied DuBois' motion to set aside the judgment under NMSA 1978, Civ. P.Rule 60(b)(1) (Repl.Pamp.1980). DuBois appeals from the denial of her motion. We affirm the district court.

DuBois and Woods, as husband and wife, established with Credit Union an open-end credit account on November 10, 1981, and a joint owner share-draft account on December 1, 1982. In early February 1983, Woods fraudulently withdrew money from the share-draft account and was subsequently indicted and charged with seven counts of fraud. He entered into a plea and disposition agreement to make restitution. DuBois and Woods divorced on April 8, 1983.

Credit Union filed its complaint against DuBois and Woods on March 21, 1983, for money due on their accounts. DuBois, acting pro se, mistakenly filed an answer within the 30-day time limit in metropolitan court rather than in district court. On May 12, 1983, Credit Union moved for and was granted a default judgment against DuBois and Woods. DuBois was served with notice of a foreclosure suit to recover the default judgment on September 29, 1983.

On October 25, 1983, she filed an answer to the foreclosure suit and a motion to set aside the default judgment. The motion was denied by the district court.

DuBois contends that the district court abused its discretion in denying her motion to set aside the default judgment on the grounds of excusable neglect. To set aside a default judgment under Rule 60(b)(1), a court must initially find (1) mistake, inadvertence, surprise or excusable neglect, and (2) a meritorious defense. *Dean Witter Reynolds, Inc. v. Roven,* 94 N.M. 273, 609 P.2d 720 (1980). If these two elements are found and there are no intervening equities in favor of the other party, a court should set aside the judgment. *Id.* The district court determined that DuBois lacked a meritorious defense. We agree.

Although default judgments are not favored and a case should be heard on its merits whenever possible, the granting of a default judgment is within the sound discretion of the trial court. *Franco v. Federal Building Service, Inc.,* 98 N.M. 333, 648 P.2d 791 (1982). Setting aside a default judgment is also within the trial court's discretion. *Gallegos v. Franklin,* 89 N.M. 118, 547 P.2d 1160 (Ct.App.), *cert. denied,* 89 N.M. 206, 549 P.2d 284 (1976). A trial court's ruling on a motion to set aside a default judgment will only be reversed for an abuse of discretion. *United Salt Corp. v. McKee,* 96 N.M. 65, 628 P.2d 310 (1981); *Otis Engineering Corp. v. Grace,* 86 N.M. 727, 527 P.2d 322 (1974). We find no abuse of discretion in this case.

DuBois' primary defense theory is that the overdrafts were the result of Woods' separate tort and that, as such, only Woods should be liable for this debt. She also contends that Woods agreed in their marital settlement agreement to be responsible for his separate debts and for all community debts incurred on or after February 14, 1983. We agree with the district court that both contentions are without merit.

This Court has previously recognized "there is no universally accepted standard

as to what satisfies the requirement that a party show a meritorious defense." *Springer Corp. v. Herrera,* 85 N.M. 201, 203, 510 P.2d 1072, 1074 (1973). Even if we were to agree, however, that the overdrafts were the result of Woods' separate tort and that Woods contracted with DuBois to be liable for his separate debts and certain community debts, DuBois still would not be absolved of liability under her agreements with Credit Union. Her liability is based upon her contractual relationship with Credit Union, not upon her marital status.

█ Although married, DuBois had the right to contract with other parties as if unmarried. NMSA 1978, § 40–2–2 (Repl. Pamp.1983). In *Cabot v. First National Bank,* 81 N.M. 793, 474 P.2d 476 (1970), this Court held that under NMSA 1953, Repl.Vol. 8 (1962), Section 57–2–6, the precursor of NMSA 1978, Section 40–2–2, a wife who, with her husband, executed a promissory note was liable under its terms as if unmarried. In that case, since the note provided for joint and several liability, the wife's separate assets could be looked to for satisfaction of the note, and the obligation was determined collectible from either or both of the signers. *See also Commerce Bank and Trust v. Jones,* 83 N.M. 236, 490 P.2d 678 (1971). We determine, therefore, that just as a wife, who signs with her husband on a note and thereby assumes joint and several liability, may be legally required to pay the entire indebtedness, so too, a wife who joins with her husband on a share-draft account and open-end account becomes obligated under the terms of those agreements.

█ Both DuBois and Woods signed the applications with Credit Union. The open-end account agreement stated that:
Many of the disclosures and terms below are expressed as if they apply to a single Account opened by a single Member/Customer. Unless otherwise indicated, they apply to each Account that I may establish with you and to as many persons as join me in signing for the Account.

Clearly, Credit Union looked to the credit of both DuBois and Woods when it approved their applications. DuBois accepted the liabilities as well as the benefits of joint ownership. In New Mexico, joint contracts, which at common law would be joint only, are construed to be joint and several. NMSA 1978, § 38–4–3. DuBois, therefore, as joint owner of the accounts, is jointly and severally liable for money owing on them.

DuBois' argument that part of the debt is the separate tort debt of Woods is not controlling. In *Commerce Bank and Trust,* we noted that the nature of a debt between conjugal partners as community or otherwise, does not affect the rights of a creditor when a wife, by her acts, has already made her separate property liable for the debt. By signing the agreements with Credit Union, DuBois obligated her separate property as well as her interests in the community property for the payment of any debts arising from those accounts.

█ Similarly, the marital settlement agreement affects the rights and liabilities of Woods and DuBois between themselves, but has no effect upon the rights of a pre-divorce creditor who obviously was not a party to the agreement.

The district court also found that DuBois had failed to show excusable neglect. Since we hold that she did not have a meritorious defense, we find it unnecessary to address that issue. The district court's denial of DuBois' motion to set aside the default judgment is affirmed and the cause is remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

RIORDAN and WALTERS, JJ., concur.