770 P.2d 533

**SUNWEST BANK OF ALBUQUERQUE,**
**Plaintiff–Appellant,**

v.

**Albert RODERIGUEZ and Patsy RO-**
**DERIGUEZ, d/b/a A R Roofing**
**Co., Defendants–Appellees.**

**No. 17814.**

Supreme Court of New Mexico.

March 13, 1989.

Modrall, Sperling, Roehl, Harris & Sisk, P.A., Charles A. Armgardt, Albuquerque, for plaintiff-appellant.

Franchini, Wagner, Oliver, Franchini & Curtis, Gene Franchini, Albuquerque, for defendants-appellees.

## OPINION

RANSOM, Justice.

Sunwest Bank of Albuquerque (Sunwest) appeals from the setting aside of a default judgment entered in its favor against appellee Patsy Roderiguez (Roderiguez). We reverse.

On December 12, 1986, Albert and Patsy Roderiguez, husband and wife, executed and delivered to Sunwest a promissory note for a loan of $24,718.53 intended for the Roderiguezes' business, A R Roofing Company. The note required the Roderiguezes to make three quarterly payments of $2,000 each, followed by one final payment of $18,718.53 on or before December 15, 1987. Prior to the note's maturity date, Albert Roderiguez and Sunwest executed a modification agreement to the note, which eliminated the three monthly payments, and which made the entire debt due on or

before the maturity date. The Roderiguezes defaulted on the note.

On February 5, 1988, Sunwest filed a complaint against the Roderiguezes, d/b/a A R Roofing Company, for money due on the promissory note. Roderiguez was served personally with a complaint and a summons addressed to her alone. Roderiguez entered no appearance and filed no answer or other pleading in response. Sunwest subsequently moved for and was granted a default judgment.

■ Ten days after the judgment was filed, Roderiguez moved to set it aside pursuant to SCRA 1986, 1–060(B)(1).[1] Roderiguez argued that her failure to answer was due to excusable neglect, and that she possessed a meritorious defense. *See Rodriguez v. Conant*, 105 N.M. 746, 737 P.2d 527 (1987). A party seeking relief from a default judgment must show the existence of grounds for relief under Rule 1–060(B), and a meritorious defense. *Id.* (consideration also given to intervening equities).

In her motion, Roderiguez asserted that she and her husband separated in February 1987, and since that time she has had no control of or connection with A R Roofing. She maintained further that she expected her husband who had complete control of the business to step forward and defend this matter because only he had the facts and records available to answer the complaint. After hearing argument, the trial court entered an order setting aside the judgment, finding excusable neglect and the existence of a meritorious defense.

■ Sunwest asserts first that the reason offered by Roderiguez for her failure to respond timely to its complaint did not constitute excusable neglect. Sunwest contends that the trial court abused its discretion in finding to the contrary. *See id.* (trial court's ruling to set aside a default judgment not reversible except for an abuse of discretion). A trial court has abused its discretion in setting aside a default judgment if its decision constituted arbitrary or unreasonable action. *Conejos*

*County Lumber Co. v. Citizens Savings and Loan Ass'n*, 80 N.M. 612, 614, 459 P.2d 138, 140 (1969). Further, because default judgments are disfavored and causes generally should be tried upon their merits, we have counseled trial courts to be liberal in determining the existence of grounds that satisfy Rule 60(B). *Rodriguez*, 105 N.M. at 749, 737 P.2d at 530.

We first address Sunwest's contention that the trial court's decision was arbitrary in light of the judge's statement that he would be affirmed on appeal whether he found excusable neglect or not. Sunwest maintains that this pronouncement was indicative of an exercise of unbridled discretion and that the judge rendered his decision without determining whether the facts substantiated a finding that Roderiguez' neglect was excusable. *See Springer Corp. v. Herrera*, 85 N.M. 201, 202, 510 P.2d 1072, 1073 (1973). Discretion "is not a mental discretion to be exercised as one pleases, but is a legal discretion, to be exercised in conformity to law." *Id.*

■ We do not agree with Sunwest's characterization of the proceedings. The statement simply reflected the trial judge's opinion that it would be reasonable to find either excusable or inexcusable neglect based upon the evidence presented. Accordingly, no matter which way he ruled, the judge opined that he would not be reversed for an abuse of discretion. Furthermore, the decision of the trial court is contained in the order setting aside the judgment, not in his pronouncements from the bench. *See Ulibarri v. Gee*, 106 N.M. 637, 640, 748 P.2d 10, 13 (1987) (comments from bench not to be substituted for material facts appearing as findings in decision). In his order, the trial judge found that Roderiguez' failure to answer timely was due to excusable neglect, and that she had a meritorious defense. Unless the trial court was unreasonable in making such findings, his decision to set aside the default judgment will not be disturbed.

---

1. SCRA 1986, 1–060(B)(1) provides that on motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: mistake, inadvertence, surprise or excusable neglect.

■ When Roderiguez was served with the complaint and summons, she allegedly had been disassociated from A R Roofing for approximately one year. Although the summons was addressed to her alone, the complaint captioned the defendant as "Albert and Patsy Roderiguez d/b/a A R Roofing Co." Embroiled in the midst of marriage settlement negotiations, Roderiguez was under the mistaken impression that any problems associated with the business were her husband's responsibility. Furthermore, she asserted that because of the circumstances she was without the resources to respond to the complaint. We find this latter point unpersuasive.

Sunwest argues Roderiguez failed to answer because she was convinced of her own nonliability. As a matter of policy, it insists that a litigant should not be excused from responding to a complaint under such circumstances. However, we believe it to be appropriate to apply the excusable neglect policy on a case by case basis depending upon the circumstances of each case. Moreover, by moving quickly to set aside the judgment, Roderiguez demonstrated that she was not deliberately attempting to ignore her legal obligations. Given the liberal standard that we have announced for the trial court's exercise of discretion, we cannot say that the finding of excusable neglect was arbitrary or unreasonable.

■ Sunwest also argues that Roderiguez failed to establish a meritorious defense to the action. We previously have noted that "there is no universally accepted standard as to what satisfies the requirement that a party show a meritorious defense." *New Mexico Educators Fed. Credit Union v. Woods,* 102 N.M. 16, 17–18, 690 P.2d 1010, 1011–12 (1984) (quoting *Springer Corp. v. Herrera,* 85 N.M. 201, 203, 510 P.2d 1072, 1074 (1973)). The finding of a meritorious defense is addressed to the sound discretion of the trial court; in making that determination the court should be liberal. *Rodriguez,* 105 N.M. at 749, 737 P.2d at 530. The object is to ascertain whether there is some possibility that the outcome of the suit after trial will be different from the result achieved by the de-

fault. 10 C. Wright, A. Miller, M. Kane, *Federal Practice and Procedure* § 2697, at 531 (1983).

■ In *Springer Corp.,* we stated that we were "not unmindful that some federal courts require a statement of underlying facts to support an allegation that a meritorious defense exists." 85 N.M. at 203, 510 P.2d at 1074 (citing *Gomes v. Williams,* 420 F.2d 1364 (10th Cir.1970); *Trueblood v. Grayson Shops of Tennessee, Inc.,* 32 F.R. D. 190 (E.D.Va.1963)). Having made that observation, the *Springer Corp.* court went no further and the opinion could be read to have eschewed such a requirement. However, citing *Springer Corp.,* we stated in *Phelps Dodge Corp. v. Guerra,* 92 N.M. 47, 50, 582 P.2d 819, 822 (1978), that there must be "some material grounds to support the claims on which the application for relief depends." To the extent *Springer Corp.* can be read to the contrary, we overrule it and hold that to establish the existence of a meritorious defense sufficient to warrant setting aside a default judgment the movant must proffer some statement of underlying facts to support the allegation.

■ Litigants must show a meritorious defense going beyond the mere notice requirements that would suffice if plead before default. *Reeves v. Wisenor,* 102 Idaho 271, 629 P.2d 667 (1981); *see also United Imports and Exports, Inc. v. Superior Court,* 134 Ariz. 43, 653 P.2d 691 (1982) (en banc); *Kirtland v. Fort Morgan Auth. Sewer Serv., Inc.,* 524 So.2d 600 (Ala.1988); *Peterson v. La Croix,* 420 N.W.2d 18 (S.D. 1988); *U.S. Aviation, Inc. v. Wyoming Avionics, Inc.,* 664 P.2d 121 (Wyo.1983). The allegations proffered in the answer or in the motion must be more than bare legal conclusions that lack factual support. They must counter the cause of action "by setting forth relevant legal grounds substantiated by a credible factual basis." *Kirtland,* 524 So.2d at 606. However, we do not go so far as to hold that, to satisfactorily advance a meritorious defense, the movant should show by way of verified pleading or by way of affidavit, deposition, or some other form of testimony, the aver-

ment of facts which, if proved at the trial, would constitute a defense. For purposes of determining the merits of the defense, facts stated in the answer or in the motion should be accepted as true.

Having set forth the standard, we now review the merits of Roderiguez' defenses. Roderiguez alleged that the failure of Sunwest to obtain her signature to the modification agreement constitutes a waiver of Sunwest's claims against her. Alternatively, she argues that Sunwest should be estopped from proceeding against her because Sunwest accepted only the signature of Albert on the modification even though it knew or should have known that the Roderiguezes were separated and she was no longer involved in the business. Further, she maintains that waiver arose from Sunwest's intentional or negligent failure to inform her that the note was in default or that a modification agreement was executed.

Roderiguez asserts that the modification agreement may have substantially affected her rights. She contends that the extent to which the agreement did affect her rights is dependent upon facts that can only be developed through discovery. Therefore, she argues that the district court's order should be affirmed so that she may develop the facts surrounding her defenses.

Finally, Roderiguez contends that her husband fraudulently induced her to sign the security agreement and financial statement that accompanied the note. Accordingly, in the interest of judicial economy, the default judgment should be set aside to allow her the opportunity to cross-claim against her husband.

■ With regard to fraudulent inducement, Roderiguez has asserted a bare legal conclusion without stating predicate facts that reasonably would support such an allegation. *See Gomes,* 420 F.2d at 1366. Moreover, she only alleged that her husband misrepresented to her that her signature was required on the security agreement and financing statement in order to secure other loans from Sunwest. There was no allegation that she was fraudulent-

ly induced by either her husband or Sunwest to sign the promissory note.

■ We also discern no plausible defense that can be premised upon the execution of the modification agreement. Roderiguez has misplaced her reliance upon a statutory defense pursuant to NMSA 1978, Section 40–3–14(C) (Repl.Pamp.1986). Section 40–3–14(C) provides that where both spouses are "named or designated in a written agreement with a third party as having joint authority to dispose of or encumber the community personal property which is described in or the subject of the agreement * * * both spouses must join to dispose of or encumber such community personal property where the names of the spouses are joined by the word 'and.' " This section, however, has no application under the facts here because the modification agreement neither disposed of nor encumbered any community personal property. The modification agreement did not entail the submission of any additional collateral to secure the note. Only the schedule of payments was altered. The interest and principal were left unchanged. *Cf. First Nat'l Bank in Albuquerque v. Abraham,* 97 N.M. 288, 291, 639 P.2d 575, 578 (1982) (party to a note may be discharged on obligation if a material alteration is made in the renewal without his consent; rate of interest is a material term in a contract).

■ More importantly, Roderiguez consented to the modification. Under the express language of the promissory note, Roderiguez agreed that Sunwest "may extend or change the terms of payment * * * without notifying me or releasing me from my responsibility on this Note." *See American Nat'l Bank of Champaign v. Warner,* 127 Ill.App.3d 203, 82 Ill.Dec. 122, 468 N.E.2d 184 (1984) (person liable on promissory note is not discharged by extension of note made without his consent when note states each maker consents to an extension); *see also Clark v. Bank of the Southwest,* 410 S.W.2d 191 (Tex.Civ.App. 1966). Nothing about the modification changed the obligation secured by the note that Roderiguez had signed. *See Cabot v.*

*First Nat'l Bank of Santa Fe,* 81 N.M. 793, 795, 474 P.2d 476, 478 (1970); *see also, New Mexico Educators Fed. Credit Union,* 102 N.M. at 18, 690 P.2d at 1012. Roderiguez cannot claim estoppel or waiver absent a showing of change in her obligations.

Finally, there is no merit to the allegation that her nonparticipation in A R Roofing or that her marriage settlement agreement, which required Albert to assume the debts of the business, absolves Patsy from liability under the note. Although the agreement may affect the rights and liabilities of the husband and wife between themselves, it has no effect upon the rights of a predivorce creditor who is not a party to the agreement. *See New Mexico Educators Fed. Credit Union,* 102 N.M. at 18, 690 P.2d at 1012.

The defenses proffered by Roderiguez did not set forth relevant legal grounds substantiated by credible facts to counter the complaint. In finding the existence of a meritorious defense, the trial court abused its discretion. We reverse and remand to the trial court to reinstate the default judgment.

IT IS SO ORDERED.

SOSA, C.J., and STOWERS, J., concur.