This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**FLAGSTAR BANK, FSB,**

Plaintiff-Appellee,

v.                                                                                          **NO. 30,909**

**KEITH M. GILES**

Defendant-Appellant,

and

**JANE DOE GILES (true name unknown),**
**FIRST STATE BANK N.M.,**
**JC CONSTRUCTORS, INC.,**
**JOHN DOE AND JANE DOE (true names unknown), Tenants**

Defendants.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Sam B. Sanchez, District Judge**

The Hopp Law Firm, LLC
Karen H. Weaver
Albuquerque, NM

for Appellee

The Walcott Law Firm, P.C.
Donald A. Walcott
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

This case involves the foreclosure of a first mortgage lien on a home owned by Defendant Keith M. Giles (Giles). Giles appeals the district court's denial of his Rule 1-060(B)(1) NMRA motion to set aside the default judgment entered against him. Giles asserts that it was an abuse of discretion for the district court to conclude that (1) he failed to prove the existence of excusable neglect based on his ongoing negotiations with Plaintiff Flagstar Bank (Flagstar) and (2) his allegations regarding Flagstar's standing and fraud in the perfection of the mortgage were insufficient to present a meritorious defense. We conclude that Giles did not sufficiently establish excusable neglect and affirm the district court on that basis.

**FACTS**

Giles is a principal of a commercial real estate development company. In March 2007, Giles executed and delivered a promissory note (the Note) payable to Chicago Funding, Inc. To secure payment on the Note, Giles executed and delivered a real estate mortgage (the Mortgage) to Mortgage Electronic Registration Systems, Inc. (MERS). The property securing the Note was a Taos Ski Valley condominium

unit used by Giles as a second home. Ultimately, the Note and Mortgage were both assigned to Flagstar.

In August 2008, Giles failed to timely pay on the Note pursuant to its terms. Since that time, Giles has made no further payments on the Note, and Flagstar has been advancing the taxes and insurance on the property. As a result, Flagstar filed a complaint to foreclose on its Mortgage on December 17, 2008. It is undisputed that Giles was personally served with Flagstar's foreclosure complaint and summons on January 8, 2009. The summons specifically stated that if Giles failed "to file a timely answer or motion, default judgment may be entered against [him] for the relief demanded in the [c]omplaint." Giles did not file an appearance, an answer, or otherwise respond to the foreclosure complaint until after the default judgment was entered in favor of Flagstar on April 12, 2010.

Giles did contact Flagstar via email to attempt to structure a deed in lieu of foreclosure as a solution to the mortgage foreclosure lawsuit. For a period of approximately eighteen months, the parties discussed the possibility of structuring a deed in lieu of foreclosure. During that time period, Flagstar suspended moving forward on its foreclosure complaint. Throughout the course of their discussions, however, Flagstar repeatedly indicated that it would not consider Giles' request for a deed in lieu of foreclosure until he removed the existing liens against the property and the unit was repaired. Flagstar specifically stated that Giles needed to clear up all

3

the title encumbrances by March 1, 2010. In response, Giles spent weeks indicating that he had resolved all the issues on the unit and that the title would be cleared up within days. On February 23, 2010, having received no status update, Flagstar emailed Giles to remind him of the imminent March 1, 2010 deadline and to request another update on his efforts to clear title to the property. Giles responded that he could not meet the March 1, 2010 deadline and predicted that he was likely clear up title to the property by March 15. On March 16, however, Flagstar had received no indication from Giles that the liens on the property were removed. Giles had also made no attempt to contact Flagstar and explain his failure to satisfy the requirements for a deed in lieu. As a result, on April 12, 2010, Flagstar filed its motion for default judgment.

The district court entered the default judgment in favor of Flagstar on April 12, 2010. A sale of the property was scheduled for May 26, 2010, and a notice of sale was filed on April 28, 2010. Upon being informed by Flagstar's representative, Mr. Hammond, that the property was to be sold, Giles sent another email on April 27, 2010. At that time, only two of the liens had been removed, but Giles anticipated that the release of the third lien was imminent. Giles specifically stated that he was "anxious to reinstate the [deed in lieu] approvals for this unit[,]" and was hoping to hear from Flagstar "to discuss how to make that happen."

On May 13, 2010, Giles' counsel filed his entry of appearance in the

4

foreclosure lawsuit. On May 18, 2010, Giles filed a motion to set aside default judgment. In support of his motion, Giles cited Rule 1-060(B)(1) and argued that his failure to timely respond to Flagstar's complaint constituted excusable neglect. Giles stated that "[f]rom the time this case was filed, Flagstar and Giles were negotiating a settlement of Giles' debt to Flagstar, which resulted in an agreement [for a deed in lieu of foreclosure] between the parties in April 2009." Giles attached the above mentioned email discussions as proof of this alleged agreement. In his motion, Giles did not contest Flagstar's standing to foreclose the Mortgage or raise any issue regarding the perfection of the Note or the Mortgage. These defenses were raised for the first time in his reply.

Flagstar agreed to postpone the May 26, 2010 foreclosure sale until after the hearing on Giles' motion to set aside the default judgment. The hearing, however, was postponed several times. As a result, Flagstar proceeded with the sale of the property to avoid further postponement of fees, but agreed not to confirm the sale until after the hearing. Flagstar also agreed to re-review Giles' request for a deed in lieu of foreclosure as the three liens on the property had finally been removed. In July 2010, however, Flagstar learned that the condominium unit had been gutted, and its value had decreased considerably as a result of this damage. At that time, Flagstar informed Giles that it would only consider a deed in lieu if Giles repaired the property to its original condition by September 15, 2010. When Giles had not completed the

5

repairs by this date, Flagstar denied his latest request for deed in lieu and proceeded to address the motion to set aside the default judgment.

The district court denied Giles' motion to set aside the default judgment on October 21, 2010. At the hearing, the court explained that Rule 1-060(B) required Giles to demonstrate both excusable neglect and the existence of a meritorious defense. The district court reasoned that Giles had not demonstrated excusable neglect because the summons was very clear that default judgment could be entered if Giles did not file an answer to Flagstar's complaint. The court further found that there was no agreement between the parties, particularly in light of the fact that their ongoing discussions lasted for a year and a half. Although unnecessary in the absence of excusable neglect, the district court also addressed the meritorious defense prong of the Rule 1-060(B)(1) requirements. The court concluded that Giles had not raised a meritorious defense. Giles filed a timely appeal to this Court.

**DISCUSSION**

Giles contends that his failure to answer Flagstar's complaint was excusable neglect and that he raised a meritorious defense in light of his argument that Flagstar lacked standing to bring the complaint or, alternatively, based on his challenge to the validity of the assignment of the Mortgage and the Note to Plaintiff through MERS. As such, he asks this Court to reverse the district court's order denying his motion to set aside the default judgment and to remand for further proceedings.

6

**Standard of Review**

Default judgments are not favored and a case should be heard on its merits whenever possible. *N. M. Educators Fed. Credit Union v. Woods*, 102 N.M. 16, 17, 690 P.2d 1010, 1011 (1984). However, it is within the district court's discretion to grant a default judgment. *Id.* As such, it is also within the district court's discretion to set aside a default judgment, and we will reverse a district court's ruling on a motion to set aside a default judgment only for an abuse of discretion. *Id.* "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case." *Kinder Morgan CO2 Co. v. State Taxation & Revenue Dep't*, 2009-NMCA-019, ¶ 9, 145 N.M. 579, 203 P.3d 110 (internal quotation marks and citation omitted). There is no abuse of discretion when reasons exist that both support and detract from a district court decision. *Id.*

Rule 1-060(B)(1) requires the party seeking relief to demonstrate the existence of both excusable neglect and a meritorious defense. *See Rodriguez v. Conant*, 105 N.M. 746, 749, 737 P.2d 527, 530 (1987) ("A party seeking relief from a default judgment must show the existence of grounds for opening or vacating the judgment and a meritorious defense or cause of action."). If these two elements are found and there are no intervening equities in favor of the non-moving party, a court may set aside the default judgment. *N. M. Educators Fed. Credit Union*, 102 N.M. at 17, 690 P.2d at 1011; *see also Kinder Morgan CO2 Co.*, 2009-NMCA-019, ¶ 14 (holding that

7

Rule 1-060(B) "empowers the [district] court with the discretion, in the rare occasions when appropriate, to grant relief from its own judgments").

**Excusable Neglect**

Giles argues that he did not timely file an answer or otherwise participate in the litigation because he was engaged in settlement negotiations with Flagstar and, therefore, he was not on notice that a default judgment might be entered against him. He contends that under those circumstances his failure to prevent a default judgment by timely filing an answer constitutes excusable neglect.

Whether a party's failure constitutes excusable neglect is an equitable determination that requires consideration of all of the relevant circumstances surrounding the omission. *Kinder Morgan CO2 Co.*, 2009-NMCA-019, ¶ 13; *see also Sunwest Bank v. Roderiguez*, 108 N.M. 211, 214, 770 P.2d 533, 536 (1989) (holding that courts should analyze claims of excusable neglect pursuant to Rule 1-060(B)(1) based on the facts and circumstances of each case). The relevant circumstances "include the danger of prejudice to the non-moving party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Kinder Morgan CO2 Co.*, 2009-NMCA-019, ¶ 12 (alterations, internal quotation marks, and citation omitted). In analyzing the totality of the circumstances, the district court is in the best position to "decide and act in accordance

with what is fair and equitable." *Mendoza v. Mendoza* 103 N.M. 327, 332, 706 P.2d 869, 874 (Ct. App. 1985); *see also Kinder Morgan CO2 Co.*, 2009-NMCA-019, ¶ 13 ("[T]he district court's intimate familiarity with [the] circumstances puts it in a better position than an appellate court to determine whether a party [has] truly failed to actively pursue a claim.").

On appeal, Giles focuses his argument on the reason for his delay in filing an answer or otherwise participating in the litigation. He asserts that he was not on notice that his participation in the litigation was necessary to prevent the entry of a default judgment because he believed that the parties had negotiated a settlement of the foreclosure lawsuit through a deed in lieu of foreclosure. Alternatively, Giles argues that regardless of his failure to appear in the lawsuit, it was inequitable for Flagstar to seek default judgment without notice to Giles under the specific circumstances of this case. *See, e.g.*, *Dean Witter Reynolds, Inc. v. Roven*, 94 N.M. 273, 274, 609 P.2d 720, 721 (1980) (requiring notice before default judgment against the defendants who did not enter an appearance or file pleadings because plaintiffs had represented to the defendants that they would not seek default during settlement negotiations). We are unpersuaded by these arguments because substantial evidence in the record supports the district court's finding that Giles was aware of the likelihood that a default judgment might be entered against him even though he was informally attempting to structure a resolution of the lawsuit through a deed in lieu.

9

The record is clear that Giles was aware of Flagstar's complaint for foreclosure and was personally served with the summons and complaint. Despite the express language of the summons requiring a response and stating that the failure to timely answer or submit a motion may result in a default judgment, Giles chose not to enter an appearance or otherwise address the complaint for approximately eighteen months. As the principal of a commercial real estate company, the district court can presume that Giles has experience in real estate litigation and is fully aware of his duty to respond to a complaint filed against him. *See In re Gaines*, 113 N.M. 652, 658, 830 P.2d 569, 575 (Ct. App. 1992) ("[A] party, served with an initial summons and thus having actual notice of the litigation, [cannot] claim 'excusable neglect' under Rule [1-0]60(B) for not being aware of subsequent proceedings in the matter." (citation omitted)). Giles chose from the outset to address the foreclosure lawsuit informally and to do nothing in the court proceedings until after he learned that default judgment was entered against him. *See* Rule 1-055(B) NMRA (recognizing that a party is only entitled to three days' written notice and a hearing before the entry of a default judgment when the party or the party's representative "has appeared in the action"); *Rodriguez*, 105 N.M. at 748, 737 P.2d at 529 (requiring notice only when a party has appeared in the action). As such, Giles had no entitlement to notice and he was not excused from filing a response or motion to Flagstar's complaint. *See Kinder Morgan CO2 Co.*, 2009-NMCA-019, ¶ 18 ("[C]arelessness by a litigant . . . does not afford a

10

basis for relief under Rule [1-060(B)(1).]" (alteration, internal quotation marks, and citation omitted)).

We are likewise unpersuaded by Giles' argument that his conduct is excusable in part because he reacted quickly to the default judgment by obtaining legal representation and moving to set aside the default judgment. The fact remains that for an extremely long period of time Giles neglected to file a response to the complaint in this case. *See Magnolia Mountain Ltd. P'ship v. Ski Rio Partners, Ltd.*, 2006-NMCA-027, ¶ 37, 139 N.M. 288, 131 P.3d 675 ( "[E]quity aids the vigilant, not those who slumber on their rights." (internal quotation marks and citation omitted)). We will not excuse Giles' failure to timely acknowledge the case or defend himself based on his quick response to the entry of default judgment. *See Adams v. Para-Chem So., Inc.*, 1998-NMCA-161, ¶ 21, 126 N.M. 189, 967 P.2d 864 (holding that a defendant's failure to react to a complaint for over two years was not excusable neglect even in a situation where the plaintiff caused the delay between the filing of the complaint and entering of default judgment and where the defendant acted very quickly to set aside the default judgment).

Finally, substantial evidence supports the district court's finding that the parties had not entered into a settlement agreement that would justify Giles' failure to respond to the complaint. Giles even conceded that there was no such agreement when he stated in the April 27, 2010, email that he was "anxious to reinstate the [deed in lieu]

11

approvals for this unit[,]" and was hoping to "discuss how to make that happen." In addition, Flagstar never represented that an agreement had been reached for a deed in lieu or that it would not seek default judgment against Giles. *See Dean Witter Reynolds, Inc.*, 94 N.M. at 274, 609 P.2d at 721 (finding the defendants' failure to timely answer was excusable neglect where the parties were engaged in settlement negotiations *and* the plaintiff had told the defendants that it would not seek entry of default judgment during the negotiations). In fact, Flagstar stated the opposite: that it would consider his deed in lieu request only if he cleared title to the property and made the necessary repairs by certain specified dates.

We recognize that settlement negotiations are relevant to a determination of excusable neglect. *See, e.g.*, *Kinder Morgan CO2 Co.*, 2009-NMCA-019, ¶¶ 7, 21 (considering the fact that the parties were engaged in ongoing settlement negotiations and had informed that court that a settlement "in principle" had been reached as a relevant factor in determining excusable neglect). But, the district court did not abuse its discretion when the evidence established that Giles was neither diligent or compliant with his informal efforts to pursue a deed in lieu of foreclosure and avoid a judgment being entered against him. To the contrary, the record indicates that Giles failed to meet any of the extended deadlines provided by Flagstar or offer any explanations for his delay in fulfilling these conditions. Similarly, he failed to seek any assurances from Flagstar that these failures would not affect the status of his

12

informal request for a deed in lieu of the pending foreclosure complaint against him. *See Adams*, 1998-NMCA-161, ¶ 23 ("A defendant cannot assert a justifiable belief that his interests were being protected, if he fails to inquire concerning possible problems of which he should have been aware under the circumstances." (internal quotation marks and citation omitted)). In light of Giles' repeated failures to fulfill the extra-judicial accommodations being extended to him in order to reach a non-judicial resolution to the foreclosure lawsuit, we conclude that no abuse of discretion occurred when the district court found that Giles had not established excusable neglect in order to set aside the default judgment in this case. *See Benavidez v. Benavidez*, 99 N.M. 535, 539, 660 P.2d 1017, 1021 (1983) (holding that Rule 1-060(B)(1) relief is not to be invoked where the party has consciously engaged in behaviors that later appear to be detrimental).

**Meritorious Defense**

Because Rule 1-060(B)(1) requires that the moving party establish both excusable neglect and a meritorious defense, it is not necessary to address Giles arguments regarding whether he sufficiently established a meritorious defense to the foreclosure complaint that would have justified setting aside the default judgment. *Cf. Rodriguez*, 105 N.M. at 749, 737 P.2d at 530 (recognizing that a party seeking relief from default judgment must show both (1) grounds for opening or vacating judgment and (2) a meritorious defense). As a result, we will not address this

argument further.

**Good Cause**

In his brief, Giles also raises a cursory argument that "the conduct of Flagstar is suspicious," and this Court should set aside the default judgment for good cause pursuant to Rule 1-060(B)(6). However, Giles has not supported any of his assertions regarding Flagstar's suspicious conduct with citations to the record or to authority. *See Ross v. City of Las Cruces*, 2010-NMCA-015, ¶ 18, 148 N.M. 81, 229 P.3d 1253 ("Where a party fails to cite any portion of the record to support its factual allegations, the Court need not consider its argument on appeal."); *Aspen Landscaping, Inc., v. Longford Homes of N.M., Inc.*, 2004-NMCA-063, ¶ 29, 135 N.M. 607, 92 P.3d 53 ("Failure to provide citations and challenge findings affect this Court's ability to decide the issues."); *State v. Clifford*, 117 N.M. 508, 513, 873 P.2d 254, 259 (1994) ("Mere reference in a conclusory statement will not suffice and is in violation of our rules of appellate procedure."). In addition, excusable neglect was the singular basis for relief raised by Giles to the district court. As such, Giles failed to preserve this Rule 1-060(B)(6) argument for review by this Court and we will not address it any further. *See* Rule 12-216(A) NMRA ("To preserve a question for review it must appear that a ruling or decision by the district court was fairly invoked[.]"); *State v. Lucero*, 104 N.M. 587, 590, 725 P.2d 266, 269 (Ct. App. 1986) ("The [district] court had no opportunity to consider the merits of, or to rule intelligently on, the argument

14

[the] defendant now puts before us.").

**CONCLUSION**

For the reasons stated herein, we affirm the district court's denial of Giles'
motion to set aside the default judgment.

**IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Judge**

_____
**J. MILES HANISEE, Judge**