This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF OWS REMIC TRUST 2013-1 WITHOUT RECOURSE,**

Plaintiff-Appellee,

**v.**                                    **No. A-1-CA-36070**

**DAVID A. SANDOVAL II and TABETHA M. SANDOVAL,**

Defendants-Appellants,

**and**

**ANDERSON HILLS SUBDIVISION HOMEOWNERS' ASSOCIATION, INC.,**

Defendants.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Alan M. Malott, District Judge**

Murr Siler & Accomazzo, P.C.
Jeanne Y. Sohn
Albuquerque, NM

Murr Siler & Accomazzo, P.C.
Jamie G. Siler

James P. Eckels
Jared D. Najjar
Denver, CO

for Appellee

Jane B. Yohalem
Santa Fe, NM

New Mexico Legal Aid, Inc.
Rebecca Mnuk
Mari Kempton
Albuquerque, NM

for Appellants

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1} Defendants David A. Sandoval II and Tabetha M. Sandoval (the Sandovals) appeal from the district court's order denying their Rule 1-060(B)(6) NMRA motion to set aside the default judgment and vacate the foreclosure sale of their home. [DS 2; RP 200-03] In our notice of proposed summary disposition, we proposed to affirm. In response to this Court's notice, the Sandovals filed a memorandum in opposition and motion to amend the docketing statement, and U.S. Bank National Association, not in its individual capacity but solely as Trustee of OWS REMIC Trust 2013-1 without recourse (U.S. Bank) filed a memorandum in support of our proposed summary affirmance and a separate response to the Sandovals' motion to amend the docketing statement. We have duly considered the aforementioned pleadings and, for

the reasons stated in the notice of proposed disposition and below, we affirm. Additionally, we deny the motion to amend the docketing statement.

**Memorandum in Opposition**

{2} In our notice of proposed disposition, we explained that we would address only the district court's denial of the Sandovals' motion to set aside a default judgment under Rule 1-060(B)(6) (which was the second motion to set aside the default judgment). [CN 2-3; RP 174] *See Marquez v. Larrabee*, 2016-NMCA-087, ¶ 9, 382 P.3d 968 (explaining that, because the notice of appeal was timely only as to the district court's denial of the defendants' motion to set aside the default judgment under Rule 1-060, and not as to the district court's order granting the plaintiff's motion for a default judgment, this Court would address only the district court's denial of the motion to set aside the default judgment). Then, we proceeded to review the district court's denial of the Sandovals' motion to set aside the default judgment for an abuse of discretion. [CN 3-6] *See Sunwest Bank of Albuquerque v. Rodriguez*, 1989-NMSC-011, ¶ 6, 108 N.M. 211, 770 P.2d 533 (setting forth the standard of review); *see also Sims v. Sims*, 1996-NMSC-078, ¶ 65, 122 N.M. 618, 930 P.2d 153 ("An abuse of discretion occurs when a ruling is clearly contrary to the logical conclusions demanded by the facts and circumstances of the case.").

{3}     **Issues 1 and 2:** The first two issues, as set forth in the docketing statement, are as follows:

1.      Whether it was improper for the district court to enter the default judgment, when it apparently failed to make a *sua sponte* inquiry into U.S. Bank's standing, as such an inquiry would have revealed that U.S. Bank did not meet the requirements of the New Mexico Uniform Commercial Code with respect to standing and the right to enforce lost instruments.

2.      Whether extraordinary circumstances existed to justify setting aside the [d]efault [j]udgment, as required by Rule 1-060(b)(6), where:

   a.      The district court made no specific finding regarding U.S. Bank's authority to enforce the Note and Mortgage;

   b.      The Note attached to U.S. Bank's Affidavit of Lost Promissory Note is indorsed in blank, and U.S. Bank's Affidavit of Lost Promissory Note does not comply with the UCC requirements needed to enforce the Note and establish standing;

   c.      There is no evidence in the record that the mortgage was properly assigned to U.S. Bank; and

   d.      There are no intervening equities, such as a third-party purchaser at the judicial foreclosure sale, that would make it inequitable to grant relief.

[DS 9-10; *see also* DS 9 ("The Sandovals appeal the denial of their motion to set aside the default judgment, in order to seek clarification on the *Johnston* standard and argue that a default judgment should be subject to a Rule 1-060 motion to set aside when the district [court] apparently did not scrutinize the evidence of standing in the record,

4

such an inquiry of the evidence in fact would have shown that U.S. Bank lacked standing when the default judgment was entered, and the Rule 1-060 motion is filed within a reasonable time.")]

{4} We construed these issues as the Sandovals arguing that the district court erred in not setting aside the default judgment because U.S. Bank lacked standing to enforce the note and mortgage [CN 3; DS 9-10], and we proposed to conclude that the district court did not err in denying the Sandovals' second motion to set aside the default judgment based on any of its standing arguments. [CN 3-5]

{5} In their memorandum in opposition to our notice of proposed disposition, the Sandovals assert that "this Court states that its proposed decision is based on the assumption that the sole basis of the [Sandovals'] Rule 1-060(B) motion was [the Sandovals'] claim that the substituted plaintiff, U.S. Bank, lacked standing to foreclose." [MIO/Mot. Amend. 2] The Sandovals proceed to say that this "is not the basis for their claim that exceptional circumstances justify reopening this judgment under Rule 1-060(B)(6)." [Id.] According to the Sandovals, they

> presented exceptional circumstances justifying reopening which include: (1) the substitution of a party and substantial amendment of the allegations concerning standing without service of the amended complaint on the [Sandovals], who were in default; (2) no notice to [the Sandovals] of U.S. Bank's disclosure that it was not in possession of the Note; (3) the risk to [the Sandovals] of multiple judgments against them because the Note was not incorporated into the judgment, as required by Rule 1-055(E) [NMRA]; and (4) the important changes in the New

Mexico law of standing in mortgage foreclosure actions, all of which occurred during the pendency of this action[.]

[Id. 2-3] The Sandovals further claim that they "met Rule 1-060(B)(6)'s requirement of filing within a reasonable time; they have a meritorious defense; and that the equities strongly favor reopening this judgment." [Id. 3; *see also* id. 5-17]

{6} The issues addressed in the memorandum in opposition to our notice of proposed disposition are considerably different than those raised in the docketing statement. While we may construe the new arguments, addressed in Section I of the Sandovals' response to this Court's notice of proposed disposition [MIO/Mot. Amend. 2-3, 5-17], as a motion to amend the docketing statement, *see* Rule 12-208(F) NMRA, we decline to do so. *See State v. Rael*, 1983-NMCA-081, ¶ 7, 100 N.M. 193, 668 P.2d 309 (stating that "allowance of an amendment to the initial docketing statement is discretionary with the appellate court on appeal" and that "we look with disfavor upon the addition of issues not raised in the docketing statement").

{7} In cases assigned to the summary calendar, a motion to amend the docketing statement to include additional issues may be granted, upon a showing of good cause, if the motion: (1) is timely; (2) states all facts material to the consideration of the new issues sought to be raised; (3) explains how the issues were properly preserved or why the issues may be raised for the first time on appeal; (4) demonstrates cause why the issues were not originally raised in the docketing statement; and (5) complies in other

respect with the appellate rules. *Id.* ¶¶ 7, 10-11, 15-16. The Sandovals have not demonstrated good cause to amend the docketing statement to include the new issues raised in Section I of their response to our notice of proposed disposition. [*See generally* MIO/Mot. Amend. 2-3, 5-17; *see also* MIS 5-13] Accordingly, we decline to address these issues further.

{8}     Instead of pointing to any specific errors in fact or in law in our notice of proposed disposition, the Sandovals have attempted to raise new issues without good cause to do so. We therefore conclude that the Sandovals have failed to meet their burden on appeal. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

{9}     **Issue 3:** In their docketing statement, the Sandovals asked this Court to determine whether our Supreme Court's holding in *Deutsche Bank National Trust Co. v. Johnston*, 2016-NMSC-013, 369 P.3d 1046, that a challenge to standing is waived if not raised before final judgment, is inapplicable when a Rule 1-060(B)(6) motion is filed within a reasonable time after a default judgment. [DS 10] In our notice of proposed disposition, we suggested that it does not appear that our Supreme Court provided for this exception in *Deutsche Bank National Trust Co.* and we declined to

reconsider the holding in that case. [CN 5-6] *See ex rel. Martinez v. City of Las Vegas*, 2004-NMSC-009, ¶ 20, 135 N.M. 375, 89 P.3d 47 (stating that the Court of Appeals is bound by our Supreme Court precedent). The Sandovals did not address this issue in their memorandum in opposition to our proposed notice of disposition; therefore, we consider such issue abandoned. *See State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (explaining that, when a case is decided on the summary calendar, an issue is deemed abandoned when a party fails to respond to the proposed disposition of that issue).

**Motion to Amend**

{10}     In Section II of their response to this Court's notice of proposed disposition, the Sandovals "seek leave to amend their docketing statement to add a claim that the [default] judgment is void pursuant to Rule 1-060(B)(4) because it was entered without essential due process protections." [MIO/Mot. Amend. 3; *see generally* MIO/Mot. Amend. 3-5, 17-25]

{11}     The Sandovals assert that they did not receive notice of the substitution of U.S. Bank as a party in place of Bank of America, they did not receive notice that the original note had been lost after Bank of America possessed it, and these changes were a significant amendment to the complaint. [MIO/Mot. Amend. 3-5, 22-23; *see also* Resp. Mot. Amend. 15-20] *See* Rule 1-005(A) NMRA ("No service need be made on

parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 1-004 NMRA."). Additionally, the Sandovals argue that entering the default judgment was inconsistent with Rule 1-055(E), "which permits a judgment of foreclosure only where the original note is presented to the court and merged with the judgment." [MIO/Mot. Amend. 23; *see also* Resp. Mot. Amend. 19-20] *But see* Rule 1-055(E) ("No judgment by default shall be entered against the state or an officer or agency of the state or against a party in any case based upon a negotiable instrument, unless the original negotiable instrument is filed with the court and merged with the judgment, *or where the damages claimed are unliquidated unless the claimant establishes the claimant's claim or right to relief by evidence satisfactory to the court.*" (Emphasis added.)) The Sandovals also claim that they were entitled to a three-day notice before the hearing on the entry of the default judgment because they had appeared by filing an answer with defenses in a previous foreclosure case against them. [MIO/Mot. Amend. 24-25; *see also* Resp. Mot. Amend. 20-22] *But see* Rule 1-055(B) ("If the party against whom judgment by default is sought has appeared *in the action*, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least three (3) days prior to the hearing on such application[.]" (Emphasis added.))

9

{12}    As previously discussed, although this Court may, upon good cause shown, allow the amendment of the docketing statement, *see* Rule 12-208(F), requests to amend docketing statements to add new issues are disfavored. *See Rael*, 1983-NMCA-081, ¶ 7; *see id.* ¶¶ 10-11, 15-16 (discussing the requirements that appellants must demonstrate to show good cause for motions to amend).

{13}    One of the requirements to show good cause to amend a docketing statement pertains to preservation. *Rael*, 1983-NMCA-081, ¶ 15. Notably, the Sandovals recognize that their newly raised issues pertaining to Rule 1-060(B)(4) were not raised before the district court. [MIO/Mot. Amend. 19-20] Nevertheless, they ask us to apply the general public interest exception to the preservation requirement; they argue that "[t]here is substantial confusion about the grounds for reopening a default judgment of foreclosure" and "[t]his is an issue of substantial public interest in New Mexico"; and they claim that the district court lacked jurisdiction to enter the default judgment. [MIO/Mot. Amend. 19-20] Alternatively, the Sandovals ask this Court to remand this case to the district court to consider the Rule 1-060(B)(4) issues that were not raised before the district court. [MIO/Mot. Amend. 20]

{14}    In the course of making these arguments, the Sandovals fail to explain why they did not raise these Rule 1-060(B)(4) issues earlier, for example, in the district court or in their docketing statement filed with this Court. [*See generally* MIO/Mot. Amend.

10

3-5, 17-25] We note that the Sandovals did, in fact, raise Rule 1-060(B)(4) in their first motion to set aside the default judgment on August 3, 2015. [RP 137] However, they withdrew this motion. [RP 169] Subsequently, they filed a second motion to set aside the default judgment on August 19, 2016, and limited that motion to arguments pertaining to Rule 1-060(B)(6). [RP 174] The denial of the second motion is the subject of this appeal.

{15}     We have considered the information before this Court, including the parties' arguments, and we are not persuaded that the Sandovals have demonstrated good cause to amend the docketing statement with the issues raised in Section II of their response to this Court's notice of proposed disposition. Therefore, this request is denied.

{16}     For the foregoing reasons, we affirm for the reasons stated above and in our notice of proposed disposition. Additionally, we deny the Sandovals' motion to amend the docketing statement.

{17}     **IT IS SO ORDERED.**

_____
**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

11

_____

**J. MILES HANISEE, Judge**


_____

**HENRY M. BOHNHOFF, Judge**